■ Mary Bossio et al., Respondents, v Frances P. Fiorillo et al., Appellants, and Elliott Robbins et al., Respondents. [635 NYS2d 59] —In an action to recover damages for medical malpractice, the defendants Frances P. Fiorillo and Frances P. Fiorillo, P. C., appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 18, 1994, which denied Frances P. Fiorillo's motion denominated as one for renewal and reargument of her prior motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the appeal is dismissed, without costs or disbursements.

The plaintiff Mary Bossio visited the offices of Drs. Frances P. Fiorillo and Elliott Robbins to submit to a mammogram examination. The plaintiffs contend that the defendants failed to advise Ms. Bossio or her referring physician of a three-millimeter breast nodule. As a result, Ms. Bossio sought no further medical treatment until 26 months later when the mass had grown to a cancerous nine-millimeter nodule and had to be surgically removed. The remaining contention in her complaint is that the ensuing 26-month delay before further evaluation caused her emotional harm and fear of cancer.

The defendant Dr. Fiorillo moved to "renew and reargue" her prior motion for summary judgment claiming that "new evidence" consisting of the deposition testimony of Dr. Robbins and the affidavit of her medical expert establish that she did not have a doctor-patient relationship with the plaintiff, she was not a partner with the treating physician, and that even assuming the existence of a "quasi doctor-patient relationship," the plaintiffs failed to set forth any proof that she may be liable. The Supreme Court denied the motion.

Dr. Fiorillo's motion, characterized as one for renewal and reargument of her prior motion for summary judgment, was not based upon new facts which were unavailable at the time she submitted her original motion for summary judgment *(see, e.g., Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639)*. In addition, Dr. Fiorillo has failed to offer a valid excuse as to why the affidavit of her medical expert, offered upon her motion to "renew and reargue", was not submitted with her original motion for summary judgment *(see, Grumman Aerospace Corp. v Rice,* 199 AD2d 365). Therefore, her motion to "renew and reargue" is really a motion to reargue, the denial of which is not appealable. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.