[635 NYS2d 268]

In the Matter of EDWARD RASKIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 18, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* and *Michael Epstein* of counsel), for petitioner.

*David G. Gabor,* Garden City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice by this Court on March 2, 1966.

In this proceeding, the respondent is charged with three allegations of professional misconduct. The Special Referee sustained all three charges. The Grievance Committee moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the report of the Special Referee.

Charge One alleged that the respondent wrongfully and intentionally aided a disbarred attorney, Arnold Wagner, to unlawfully continue to practice law during the period of his disbarment. The respondent represented clients in a matter which was referred to him by Arnold Wagner in 1987 or 1988. At that time Wagner was a member of the Bar in good standing. The referral was for the respondent to defend zoning violation charges brought against his clients by the Village of Islandia. The respondent was successful in defending his clients against the charges. Subsequent to the dismissal of the zoning charges, the respondent's clients served a notice of claim, dated May 3, 1988, upon the Village, based upon alleged tortious acts by the Village within the zoning proceedings. On November 7, 1988, Arnold Wagner was disbarred by this Court for conversion of client funds.

In or about May 1989, the respondent was retained by these same clients to commence their action at law against the Village for its alleged tortious acts. Despite an awareness that Wagner had been disbarred, the respondent accepted this representation only on the condition that Wagner assist in the legal work necessary to prosecute the tort action. The respondent has testified under oath that, under his direction or with his consent, disbarred attorney Wagner, at minimum:

(A) Was engaged to do research and draft any papers requested by the respondent relative to the acts pertaining to the Village of Islandia, subject to review and editing by the respondent.

(B) Drafted the summons and complaint, which after review by the respondent, was served in the tort action.

(C) Researched and prepared supporting papers including a brief which was presented to the respondent for review and editing.

(D) By at least one letter dictated to the respondent's secretary, communicated directly with opposing counsel in the tort action.

(E) On at least one occasion, sent letters to the court with regard to the tort action where he signed the respondent's name.

(F) Repeatedly gave his legal opinion regarding the tort action against the Village. By engaging in the conduct set forth above, and otherwise aiding and assisting Arnold Wagner to continue to practice after admittedly knowing that Wagner was disbarred, the respondent has wrongfully and intentionally violated Code of Professional Responsibility DR 3-101(A) and DR 1-102 (A) (5) and (8) (22 NYCRR 1200.16 [a]; 1200.3 [a] [5], [8]).

Charge Two alleged that the respondent has been guilty of professional misconduct in that he has intentionally, knowingly, recklessly, or negligently aided a disbarred attorney, Arnold Wagner, in violating an order of the Appellate Division, Second Department. By order dated November 7, 1988, the Appellate Division, Second Department, disbarred Arnold Wagner and ordered that he "desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another" and he was "forbidden to give another an opinion as to the law or its application, or any advice in relation thereto." With regard to the matter which forms the basis of Charge One, the respondent admitted under oath that the services performed by Arnold Wagner were those of a law clerk. In performing the services specifically referred to in Charge One and admitted to under oath, the respondent permitted a disbarred attorney to practice law and render legal opinions. By engaging in the aforesaid misconduct, and otherwise aiding and assisting Arnold Wagner to violate an order of the Appellate Division, Second Department, the respondent has violated Code of Professional Responsibility DR 1-102 (A) (3) and (8) (22 NYCRR 1200.3 [a] [3], [8]).

Charge Three alleged that the respondent engaged in shameful and insulting unprofessional conduct by engaging in ad hominem attacks regarding the physical attributes of opposing counsel in an affirmation filed with a court. The respondent represented a client who was a defendant in a Vehicle and Traffic Law case in the District Court of Suffolk County. The client was convicted of a misdemeanor after trial. The respondent filed a posttrial motion to dismiss, which was countered with an affidavit in opposition submitted by an Assistant District Attorney who prosecuted the case for the office of the Suffolk County District Attorney. In response to the affidavit, the respondent submitted a reply affirmation which included multiple derogatory and unprofessional attacks upon the personal attributes of the aforementioned Assistant District Attorney. By leveling unprofessional and vituperative personal

attacks against the Assistant District Attorney in court documents, the respondent has violated Code of Professional Responsibility DR 7-106 (C) (6) (22 NYCRR 1200.37 [c] [6]) and DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct outlined in the aforementioned charges. The petitioner's motion to confirm the report of the Special Referee is granted. The respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the explanations offered by the respondent, and the testimony of character witnesses. However, the respondent's misconduct, especially his actions in assisting a disbarred attorney in the practice of law, warrants the respondent's suspension from the practice of law for a period of one year.

MANGANO, P. J., SULLIVAN, BALLETTA, ROSENBLATT and ALT-MAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Edward Raskin, is suspended from the practice of law for a period of one year, commencing January 16, 1996, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward Raskin, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board,

commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.