■ MARIANNE ORENDICK et al., Plaintiffs, v FRANK CHIODO et al., Defendants. LAW FIRM OF PAUL WILLIAM BELTZ, P. C., Appellant; GLENN E. MURRAY, Formerly Doing Business as MURRAY & COLEMAN, Respondent. [707 NYS2d 574] —Order unanimously reversed on the law and facts without costs, motion granted in part and judgment ordered in accordance with the following Memorandum: Plaintiffs, Marianne Orendick and Michael Orendick, each had a personal injury action pending in Supreme Court, in which the other asserted a derivative cause of action. They were represented by the Law Firm of Paul William Beltz, P. C.; Paul Beltz had declined an offer of $100,000 in Marianne's case. The cases were scheduled for trial, with Michael's case to be tried first and Marianne's case to be tried immediately following. On the eve of Michael's trial, plaintiffs telephoned and discharged Beltz, following up that conversation with a letter dated the same day. According to plaintiffs, the discharge was precipitated by Beltz's poor treatment of them during a trial preparation session in Beltz's office the day before, when Beltz intimated that Michael was not being truthful in his answers to questions concerning his educational background. Several days after being discharged, Beltz admittedly contacted another local attorney who was related to plaintiffs and had represented plaintiffs in the past, to

discuss the cases with her. According to Beltz, the telephone contact was merely to advise plaintiffs of the need to obtain subsequent representation and to impress upon plaintiffs the importance of being entirely truthful in their testimony. Supreme Court, however, determined that Beltz had made the contact to obtain the attorney's assistance in recovering plaintiffs as clients.

Plaintiffs subsequently retained the law firm of Murray & Coleman (Murray) to represent them in these actions. After being reimbursed for disbursements on behalf of plaintiffs, Beltz released plaintiffs' files to Murray and an order was issued providing that any fees to which Beltz was entitled would be determined at a hearing after the conclusion of the actions.

Murray tried Michael's action and the jury returned a verdict of no cause of action. Marianne's action was then settled for the sum of $100,000, which, after disbursements, resulted in an attorney's fee in the amount of $28,261.03. Murray sent Beltz a check in the amount of $7,000, representing a portion of the fee. Beltz rejected the check and moved for a determination of the amount of fee to which his firm was entitled. Following a hearing, the court concluded that Beltz was discharged for cause and had forfeited entitlement to any portion of the fee. The court concluded that, while the conduct of Beltz toward plaintiffs during trial preparation did not rise to the level of cause for discharge, Beltz's contacting another attorney and divulging client confidences constituted cause for discharge. We disagree.

It is well settled that an attorney who is discharged for cause is not entitled to a fee (*see, Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 43-44; *Teichner v W & J Holsteins,* 64 NY2d 977, 979). On appeal, Murray no longer contends that Beltz's conduct during trial preparation provided cause for discharge. Murray relies, as did the court, upon Beltz's conduct in contacting another lawyer concerning plaintiffs' case. Misconduct that occurs before an attorney's discharge but is not discovered until after the discharge may serve as a basis for a fee forfeiture (*see, Campagnola v Mulholland, Minion & Roe, supra,* at 44; *De Luccia v Village of Monroe,* 180 AD2d 897, 899). Here, however, the alleged misconduct upon which the court relied in determining that Beltz had forfeited his fee occurred after Beltz was discharged.

Even assuming, arguendo, that Beltz's contacting another attorney may be considered on the issue whether the discharge was for cause, we conclude that the evidence presented at the hearing failed to establish that Beltz divulged any confidences

or secrets. Beltz denied that any confidences or secrets were divulged, the testimony of plaintiffs was evasive and nonspecific and constituted hearsay, and the attorney to whom the alleged confidences were disclosed did not testify.

We conclude that the discharge of Beltz was not for cause and that Beltz is entitled to a percentage of the attorney's fee based upon the proportionate share of the work performed (*see, Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658). The record is sufficiently developed for us to make our own finding that Beltz is entitled to two thirds of the fee, or $18,840.68, and we order that judgment be entered in favor of Beltz in that amount. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Counsel Fees.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.