■ JOEL TOUSSAINT, Appellant, v DIVINE BROTHERS Co., Defendant and Third-Party Plaintiff-Respondent. LAFAYETTE DISPLAY FIXTURES et al., Third-Party Defendants-Respondents. [721 NYS2d 246] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated April 10, 2000, which denied his motion, denominated as one for renewal and reargument, but which was, in fact, to reargue, *inter alia*, a prior motion of the defendant third-party plaintiff to dismiss the action and his cross motion to restore the action to the calendar.

Ordered that the appeal is dismissed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff's motion, denominated as one for renewal and reargument of, *inter alia*, the prior motion of the defendant third-party plaintiff to dismiss the complaint and his cross motion to restore the action to the calendar, was based on, among other things, allegedly new evidence consisting of the affidavit of an engineering expert. The Supreme Court properly found that the motion was merely, in effect, to reargue, as it was not

based upon new facts that were unavailable at the time the plaintiff submitted his earlier cross motion to restore the action (*see, Bossio v Fiorillo,* 222 AD2d 476). No appeal lies from an order denying a motion to reargue (*see, King v Rockaway One Co.,* 202 AD2d 395; *Chiarella v Quitoni,* 178 AD2d 502). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.