■ GERARDO MURO, JR., et al., Appellants, v BAY READY MIX & SUPPLIES, INC., Defendant and Third-Party Plaintiff-Respondent. ROSEDALE READY MIX & SUPPLIES CORP., Third-Party Defendant. [723 NYS2d 673] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Kramer, J.), dated November 29, 1999, which, *inter alia,* granted the defendant leave to amend its answer, and upon allowing the amendment, granted it summary judgment dismissing the complaint, (2), as limited by their brief, from so much of an order of the same court, dated January 26, 2000, as, upon reargument, adhered to the initial determination, and (3) from an order of the same court, dated April 14, 2000, which denied their motion, denominated as one for renewal and reargument, but which was, in effect, for reargument.

Ordered that the appeal from the order dated April 14, 2000, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from the order dated November 29, 1999, is dismissed, as that order was superseded by the order dated January 26, 2000, made upon reargument; and it is further,

Ordered that the order dated January 26, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in granting the defendant leave to amend its answer to deny ownership of the property where the plaintiff Gerardo Muro, Jr., was injured. The plaintiffs failed to show that they would be surprised and/or prejudiced by the amendment (*see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935; *Henderson v Gulati,* 270 AD2d 308, 309; *Sidor v Zuhoski,* 257 AD2d 564).

The plaintiffs' subsequent motion, characterized as one for renewal and reargument, was not based on new facts which were unavailable to them at the time they opposed the defendant's motion for leave to amend its answer and for summary judgment (*see, Bossio v Fiorillo,* 222 AD2d 476). Therefore, the motion was, in effect, one to reargue, the denial of which is not appealable (*see, Bossio v Fiorillo, supra*).

The plaintiffs' remaining contention is without merit (*see,*

*Lovario v Vuotto,* 266 AD2d 191; *Stephan v Stein,* 226 AD2d 364). O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.