■ AIU Insurance Company, Appellant, v ELRAC, Inc., Doing Business as Enterprise Rent-A-Car Company, Respondent, et al., Defendants. [732 NYS2d 105] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Donna M. Cady and Daniel Neal in an action entitled *Oquedo v Neal,* which the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company, agreed to settle in the amount of $95,000, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Bucaria, J.), dated September 5, 2000, as denied the plaintiff's motion for summary judgment and granted the cross motion of the defendant ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company, for summary judgment dismissing the complaint insofar as asserted against it and declared that ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company, is not obligated to defend and indemnify Donna Cady and Daniel Neal in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

In *ELRAC, Inc. v Ward* (96 NY2d 58, 78), the Court of Appeals held that "Vehicle and Traffic Law § 370 requires rental car companies to provide primary insurance to their renters up to the minimum liability limits provided by the statute," and as a result, "the indemnification clause in ELRAC's rental

agreements, which seeks to disclaim that duty and assign the risk to the renters themselves, is unenforceable to that extent." The fact that ELRAC, Inc., d/b/a Enterprise Rent-A-Car Company (hereinafter ELRAC), is a self-insured company does not excuse it from providing minimum coverage (*see, ELRAC, Inc. v Ward, supra*; *Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818). The indemnification clause is otherwise valid and thus enforceable for amounts exceeding the statutory minimum liability requirements (*see, ELRAC, Inc. v Ward, supra*). In *Morris v Snappy Car Rental* (84 NY2d 21, 27), the Court of Appeals held that an indemnification agreement for damages above and beyond the statutorily-required insurance may be enforced, since Vehicle and Traffic Law § 388 was not "intended to go so far as to abrogate the right to indemnification" (*Morris v Snappy Car Rental, supra,* at 28). Further, antisubrogation principles do not bar ELRAC from seeking indemnification for amounts exceeding the statutory limits (*see, ELRAC, Inc. v Ward, supra*; *North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281).

Nevertheless, ELRAC is entitled to full indemnification from the defendants because at the time of the accident, an unauthorized driver was operating the vehicle in violation of the rental agreement (*see, ELRAC, Inc. v Masara,* 96 NY2d 847). Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.