■ JOHN PUNTINO, Respondent, v PETER CHIN, Appellant. [733 NYS2d 108] —In an action to recover damages for dental malpractice, the defendant appeals from an order of the

Supreme Court, Queens County (Schulman, J.), dated February 23, 2001, which granted the plaintiff's motion, in effect, to renew the defendant's prior motion for summary judgment dismissing the complaint, and upon renewal, denied that motion.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment in the first instance based upon the plaintiff's failure, after the defendant made out a prima facie case for summary judgment, to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). Specifically, the plaintiff submitted her dental expert's reports which recited that they were affirmed, but failed to state that the affirmation was "under the penalties of perjury" (CPLR 2106). The plaintiff attempted to cure this omission through a motion for "reargument and renewal" which was supported by the same dental expert's reports in proper evidentiary form. The plaintiff's motion was also supported by newly-discovered evidence: the report prepared by the dentist secured by the defendant to conduct a dental examination of the plaintiff. This report was mailed to the plaintiff's counsel on the very date the Supreme Court granted the defendant's motion for summary judgment. The plaintiff could not have submitted this report on the original motion for summary judgment because he did yet have it. Thus, the report constituted "new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]). The Supreme Court, therefore, should have treated the plaintiff's motion as one to renew, not reargue, since counsel did not establish, much less argue, that the court overlooked or misapprehended the relevant facts or a controlling principle of law (*see, Foley v Roche,* 68 AD2d 558).

Nevertheless, the Supreme Court reached the correct result. The report of the defendant's examining dentist, together with a new affirmation from the plaintiff's expert, which was properly affirmed under the penalties of perjury, raise a triable issue of fact sufficient to defeat the defendant's motion for summary judgment. In her affirmation, the plaintiff's expert identified the findings in the defendant's report which comported with her opinion that the defendant deviated from good and accepted dental practice. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.