■ ALICE CLISSURAS, Appellant, v CONCORD VILLAGE OWNERS, INC., et al., Respondents. [749 NYS2d 736] —In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Kings County (Jones, J.), dated April 23, 2001, as denied her motion, denominated as one to vacate prior orders of the same court dated November 28, 2000, and December 11, 2000, respectively, and granted that branch of the defendants' cross motion which was to impose a sanction on the plaintiff pursuant to 22 NYCRR 130-1.1, and (2) an order of the same court dated August 27, 2001, as denied her motion denominated as one to vacate the order dated April 23, 2001.

Ordered that the appeal from the order dated August 27, 2001, and the appeal from so much of the order dated April 23, 2001, as denied the plaintiff's motion to vacate the orders dated November 28, 2000, and December 11, 2000, respectively, are dismissed; and it is further,

Ordered that so much of the order dated April 23, 2001, as granted that branch of the defendants' cross motion which was to impose a sanction pursuant to 22 NYCRR 130-1.1 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Although characterized as motions to vacate prior orders of the Supreme Court, the plaintiff's motions were, in fact, motions to reargue, the denial of which is not appealable (*see Bossio v Fiorillo,* 222 AD2d 476, 477).

The Supreme Court providently exercised its discretion in concluding that the plaintiff's conduct was frivolous within the meaning of 22 NYCRR 130-1.1 and imposing a sanction against the plaintiff in the form of costs incurred by the defendants in defending her repeated motions seeking the same relief (*see Mancini v Mancini,* 245 AD2d 518; *Matter of Gordon v Marrone,* 202 AD2d 104). Florio, J.P., Krausman, Townes and Crane, JJ., concur.