■ WAJEEH L. ELIAS, Appellant, v PETER J. GROSSMAN et al., Respondents. [761 NYS2d 496] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Oliver, J.), dated May 23, 2002, which granted the motion of the defendants Peter J. Grossman and Kathy A. Grossman, and the separate motion of the defendants Paul Berger and Marilyn Berger for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court dated November 25, 2002, which denied his motion, in effect, for leave to reargue the prior motions for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated November 25, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 23, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of the Insurance Law through the affirmed reports of their medical experts, who examined the plaintiff and concluded that there was no objective evidence to support his claims. In addition, the Berger defendants' radiologist indicated that the degenerative disc changes revealed by a magnetic resonance imaging of the plaintiff's cervical spine were not causally related to the subject motor vehicle accident (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The plaintiff's competent medical evidence failed to raise a triable issue of fact (*see Feintuch v Grella,* 209 AD2d 377 [1994]).

Although characterized as a motion for leave to renew and reargue, the plaintiff's subsequent motion was not based upon new facts which were unavailable at the time he submitted his opposition to the original motions for summary judgment (*see Bossio v Fiorillo,* 222 AD2d 476 [1995]). In addition, the plaintiff failed to offer a valid excuse as to why the affidavit of his chiropractic expert was not submitted in opposition to the original motions (*see Bossio v Fiorillo, supra*). Therefore, the motion for leave to "renew and reargue" was, in fact, a motion for leave to reargue, the denial of which is not appealable (*see* CPLR 2221; *Marine Midland Bank v Freedom Rd. Realty Assoc.,* 203 AD2d 538 [1994]). Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.