■ ALVIN RUDDOCK et al., Respondents, v BOLAND RENTALS, INC., Defendant and Third-Party Plaintiff-Appellant, and GREGORY TAYLOR, Appellant. HARDESTY & HANOVER, Third-Party Defendant-Respondent. [774 NYS2d 50]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Boland Rentals, Inc., and the defendant Gregory Taylor appeal from (1) stated portions of an order of the Supreme Court, Kings County (Harkavy, J.), dated August 26, 2002, which, inter alia, denied that branch of their motion which was for leave to amend the third-party complaint to add the defendant Gregory Taylor as an additional third-party plaintiff and granted that branch of their motion which was for conditional contractual indemnification in their favor against the third-party defendant, Hardesty & Hanover, only to

the extent of granting contractual indemnification to the defendant third-party plaintiff, Boland Rentals, Inc., for any sums which it may be required to pay the plaintiffs in excess of the statutory minimum in insurance coverage required by Vehicle and Traffic Law § 388 (1), and (2) an order of the same court dated May 21, 2003, which denied their motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue.

Ordered that the appeal from the order dated May 21, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal by Gregory Taylor from so much of the order dated August 26, 2002, as granted that branch of the motion which was for conditional contractual indemnification only to the extent of granting contractual indemnification to Boland Rentals, Inc., for any sums which it may be required to pay the plaintiffs in excess of the statutory minimum in insurance coverage required by Vehicle and Traffic Law § 388 (1) is dismissed, as he is not aggrieved by that portion of the order; and it is further,

Ordered that the order dated August 26, 2002, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant payable by the appellants.

The plaintiffs were injured when their vehicle was struck by a van owned by the defendant Boland Rentals, Inc. (hereinafter Boland), and operated by the defendant Gregory Taylor. After the defendants jointly answered the complaint, Boland commenced a third-party action seeking indemnification from Hardesty & Hanover (hereinafter Hardesty), the company that leased the van from it on the date of the accident. The record indicates that Hardesty loaned the subject van to Taylor's employer for use in the performance of a contract which required both companies to perform bridge inspections for the State of New York, and that as a member of the bridge inspection team, Taylor had permission to drive the van.

After some discovery had been conducted, the defendants jointly moved for leave to amend the third-party complaint to add Taylor as an additional third-party plaintiff, and, upon such amendment, for summary judgment for conditional contractual indemnification in their favor. In support of the motion, the defendants relied upon a provision in the rental agreement between Boland and Hardesty which required Hardesty, as the lessee of the van, to hold Boland harmless from all claims arising from the use of the rented vehicle. The Supreme Court

denied that branch of the defendants' motion which sought leave to amend the third-party complaint, and granted that branch of the motion which sought summary judgment for conditional contractual indemnification only to the extent granting contractual indemnification to Boland for any sums which it may be required to pay the plaintiffs in excess of the statutory minimum in insurance coverage required by Vehicle and Traffic Law § 388 (1). The defendants' subsequent motion, which was, in effect, for reargument, was denied in its entirety.

Contrary to the appellants' contention, the Supreme Court properly determined that Boland, as a "corporation engaged in the business of renting or leasing rental vehicles to be operated upon the public highways" (Vehicle and Traffic Law § 370 [3]), must provide primary insurance, up to the minimum liability limits provided by statute, to permissive users of its vehicles (*see ELRAC, Inc. v Ward,* 96 NY2d 58, 75 [2001]; *Lancer Ins. Co. v Republic Franklin Ins. Co.,* 304 AD2d 794 [2003]). Accordingly, Boland may enforce the indemnification clause in its rental agreement against Hardesty only to the extent that its liability exceeds the statutory minimum amount of insurance it is required to maintain (*see ELRAC, Inc. v Ward, supra; Kallaitzakis v ELRAC, Inc.,* 296 AD2d 531 [2002]; *Haight v Estate of DePamphilis,* 286 AD2d 369 [2001]).

Furthermore, the Supreme Court properly denied that branch of the appellants' motion which was for leave to amend the third-party complaint to add Taylor as an additional third-party plaintiff. Although leave to amend a pleading should be freely given absent prejudice to the opposing party (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Charleson v City of Long Beach,* 297 AD2d 777 [2002]), leave should be denied if the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (*see AYW Networks v Teleport Communications Group,* 309 AD2d 724 [2003]; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519 [2001]). Here, the appellants contend, inter alia, that Hardesty may be vicariously liable for Taylor's alleged negligence upon the theory that he was Hardesty's agent or special employee. However, Taylor, as the driver of the van which collided with the plaintiffs' vehicle, is an allegedly active tortfeasor in this case. "While contribution or indemnity may be sought from one who is only vicariously liable for the injury involved, it may not be sought on behalf of the tortfeasor whose negligence is being imputed to those vicariously liable" (*Maurillo v Park Slope U-Haul,* 194 AD2d 142, 148 [1993]; *see also Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N.Y.,* 58 AD2d 397 [1977], *affd*

45 NY2d 551 [1978]). Accordingly, the proposed amendment of the third-party complaint is devoid of merit.

The appellants' subsequent motion, characterized as one for leave to renew and reargue, was not based upon new evidence which was unavailable to them at the time of the original motion (*see EMC Mtge. Corp. v Stewart,* 2 AD3d 772 [2003]; *Scoma v Doe,* 2 AD3d 432 [2003]; *Elias v Grossman,* 306 AD2d 432 [2003]). Moreover, the appellants did not provide a reasonable excuse as to why the additional evidence upon which they relied could not have been submitted in support of their original motion (*see* CPLR 2221 [e] [3]; *Jandru Mats v Riteway AV Corp.,* 1 AD3d 565 [2003]; *Elias v Grossman, supra*). The motion was thus, in effect, one for reargument, the denial of which is not appealable (*see EMC Mtge. Corp. v Stewart, supra; Jandru Mats v Riteway AV Corp., supra; Elias v Grossman, supra*). Accordingly, the appellants' contention that Hardesty was required to obtain its own liability and no-fault insurance for the rented van pursuant to Vehicle and Traffic Law § 128, which was raised for the first time in their motion for reargument, is not properly before this Court (*see Commercial Union Ins. Co. v Eastern Refractories Co.,* 240 AD2d 613 [1997]). Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.