■ FRANK E. LONGO, Appellant, v COUNTY OF NASSAU et al., Respondents. [775 NYS2d 172]—In an action, inter alia, to recover damages for malicious prosecution and abuse of process, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated February 19, 2003, which granted the defendants' motion pursuant to CPLR 3211 to dismiss the complaint and (2) an order of the same court dated May 28, 2003, which denied his motion for leave to renew and reargue, which was, in fact, a motion for leave to reargue.

Ordered that the appeal from the order dated May 28, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 19, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The record supports the Supreme Court's determination that the plaintiff failed to state a cause of action to recover damages for malicious prosecution (*see Johnson v Kings County Dist. Attorney's Off.,* 308 AD2d 278 [2003]) and abuse of process (*see Hauser v Bartow,* 273 NY 370 [1937]). Accordingly, those causes of action were properly dismissed.

The plaintiff's motion, characterized as one for leave to renew and reargue, was not based upon new facts which were unavailable to him at the time he submitted his opposition to the defendants' motion to dismiss the complaint (*see Elias v Grossman,* 306 AD2d 432 [2003]). Moreover, the plaintiff failed to offer a valid excuse why the additional evidence upon which he relied was not previously submitted (*see Bossio v Fiorillo,* 222 AD2d 476 [1995]). Therefore, the motion for leave to renew and reargue was, in fact, a motion for leave to reargue, the denial of which is not appealable (*see* CPLR 2221; *Elias v Grossman, supra; Bossio v Fiorillo, supra*).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Luciano, Schmidt and Townes, JJ., concur.