Tokio Marine and Fire Insurance Co., Ltd., et al., Respondents-Appellants, v Angelo Borgia et al., Appellants-Respondents, et al., Defendant. [783 NYS2d 629]—

In an action for contractual and common-law indemnification, the defendants Angelo Borgia and Angelo Borgia, Jr., appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated January 27, 2003, as granted the plaintiffs' motion for summary judgment to the extent of awarding them judgment on the issue of liability and directing a hearing on the issue of damages in excess of $25,000, (2) from an order of the same court, dated June 16, 2003, which denied that branch of their motion which was for leave to renew, but in effect, was for reargument, and, in effect, denied that branch of their motion which was for leave to serve an amended verified answer, and (3) from a judgment of the same court, entered June 26, 2003, which, upon the order dated January 27, 2003, upon a decision of the same court dated April 24, 2003, and after hearing on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $4,510,072.59, and the plaintiffs (1) cross-appeal, as limited by their brief, from so much of the order dated January 27, 2003, as granted their motion for summary judgment only to the extent of directing a hearing to assess their damages in excess of $25,000 and, on the ground of inadequacy, from the judgment, and (2) separately appeal from the decision.

Ordered that the appeals from the orders dated January 27, 2003, and June 16, 2003, respectively, and the cross-appeal from the order dated January 27, 2003, are dismissed; and it is further,

Ordered that the appeal from the decision dated April 24, 2003, is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal and the cross appeal from the intermediate order dated January 27, 2003, and the appeal from the order dated June 16, 2003, must be dismissed because the right of direct

appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals and cross appeal from the subject orders are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see* CPLR 5501 [a] [1]).

The branch of the appellants' motion, denominated as one for leave to renew the plaintiffs' prior motion, was not based on new evidence which was unavailable to them at the time of the original motion, and therefore the motion was, in effect, one for reargument, the denial of which is not appealable (*see Ruddock v Boland Rentals*, 5 AD3d 368 [2004]; *EMC Mtge. Corp. v Stewart*, 2 AD3d 772 [2003]).

The appellants, Angelo Borgia and Angelo Borgia, Jr., leased a vehicle from Bay Ridge Lexus, which, in turn, assigned the lease to Lexus Financial Services, a division of Toyota Motor Credit Corporation (hereinafter TMCC). Thereafter, Nicholas Borgia, who was permissively operating the vehicle, was involved in an accident in which he seriously injured a third party. The injured third party sued Angelo Borgia, Nicholas Borgia, and TMCC. That action was settled for $4.5 million, with TMCC's insurer, Tokio Marine and Fire Insurance Co., Ltd. (hereinafter Tokio Marine), contributing $4.4 million, and Angelo Borgia's insurer contributing $100,000, to the settlement. Tokio Marine and TMCC then commenced this action against the Borgias seeking indemnification pursuant to the vehicle lease, and the common law.

Contrary to the appellants' contention, the indemnification provision in the lease is valid and enforceable for the amount above and beyond the statutorily-required insurance, which, in this case, was $25,000 (*see* Vehicle and Traffic Law § 370 [1]; § 388; *ELRAC, Inc. v Ward*, 96 NY2d 58 [2001]; *Morris v Snappy Car Rental*, 84 NY2d 21 [1994]; *Ruddock v Boland Rentals, supra; Citywide Auto Leasing v City of New York*, 294 AD2d 528 [2002]). The anti-subrogation rule does not bar the lessor from seeking indemnification (*see ELRAC, Inc. v Ward, supra; AIU Ins. Co. v ELRAC, Inc.*, 287 AD2d 668 [2001]).

On their cross appeal, the plaintiffs contend that the $25,000 statutory minimum does not apply in this case. However, the plaintiffs may not contest this issue since they consented to its application at the hearing on the issue of damages.

The parties' remaining contentions are without merit. H. Miller, J.P., Goldstein, Cozier and Skelos, JJ., concur.