■ Joan Coccia, Respondent, v Thomas F. Liotti, Appellant. [892 NYS2d 913]—In an action, inter alia, to recover damages for legal malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered September 13, 2007, as denied those branches of his cross motion which were for summary judgment dismissing the complaint.

In an action, inter alia, to recover damages for legal malpractice, (1) the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered May 5, 2008, as granted the defendant's motion, denominated as one, inter alia, for summary judgment dismissing the complaint, but which was, in actuality, for leave to renew those branches of the defendant's prior cross motion which were for summary judgment dismissing the complaint, which had been determined in an order entered September 13, 2007, and, in effect, upon renewal, vacated the determination in the order entered September 13, 2007, denying those branches of the defendant's prior cross motion which were for summary judgment dismissing the second, fifth, and sixth causes of action, so much of the first cause of action as sought to recover damages for legal malpractice based upon the defendant's alleged negligent advice to settle an underlying matrimonial action without taking into consideration information contained in a forensic accounting report and without applying for an award of counsel fees, and so much of the fourth cause of action as sought a reimbursement of counsel fees she already paid based upon the defendant's failure to render itemized bills, and thereupon granted those branches of the defendant's prior cross motion, and denied those branches of the plaintiff's cross motion which were for summary judgment dismissing the first, second, and third counterclaims, and the defendant cross-appeals, as limited by his brief, from so much of the same order entered May 5, 2008, as, in effect, upon renewal, adhered to the determination in the order entered September 13, 2007, denying that branch of his prior cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon his alleged negligence in failing to perfect and prosecute an appeal from an order in the underlying matrimonial action, (2) the plaintiff appeals from so much of an order of the same court entered July 9, 2008, as denied her motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue those branches of her cross motion which were for summary judgment dismissing the first, second, and third counterclaims, which had been determined in the order entered May 5, 2008, and her opposition to those branches of the defendant's motion which were, in effect, for leave to renew and the defendant cross-appeals, as limited by his brief, from so much of the

same order as, upon renewal, adhered to its determination in the order entered September 13, 2007, denying that branch of his prior cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon his alleged negligence in failing to perfect and prosecute an appeal from the order in the underlying matrimonial action, (3) the defendant separately appeals from an order of the same court entered September 22, 2008, which denied his motion for leave to renew and reargue, and (4) the defendant separately appeals from an order of the same court entered April 8, 2009, which denied his motion for leave to renew and reargue.

Ordered that the plaintiff's appeal from so much of the order entered July 9, 2008, as denied her motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue, is dismissed; and it is further,

Ordered that the defendant's separate appeal from so much of the order entered September 22, 2008, as denied that branch of his motion which was for leave to reargue is dismissed; and it is further,

Ordered that the defendant's separate appeal from so much of the order entered April 8, 2009, as denied that branch of his motion which was for leave to reargue is dismissed; and it is further,

Ordered that the order entered May 5, 2008, is modified, on the law, (1) by deleting the provisions thereof, in effect, upon renewal, vacating the determination in the order entered September 13, 2007, denying those branches of the defendant's prior cross motion which were for summary judgment dismissing the second and sixth causes of action, so much of the first cause of action as sought to recover damages for legal malpractice based upon the defendant's alleged negligent advice to settle an underlying matrimonial action without taking into consideration information contained in a forensic accounting report and without applying for legal fees, and so much of the fourth cause of action as sought a reimbursement of counsel fees already paid by the plaintiff to the defendant based upon the defendant's failure, inter alia, to render itemized bills, and granting those branches of the defendant's prior cross motion, and substituting therefor a provision, in effect, upon renewal, adhering to the original determination in the order entered September 13, 2007, denying those branches of the defendant's prior cross motion, and (2) by deleting the provision thereof denying those branches of the plaintiff's cross motion which were for summary judgment dismissing the first, second, and third counter-

claims, and substituting therefor a provision granting those branches of the plaintiff's cross motion; as so modified, the order entered May 5, 2008, is affirmed insofar as appealed and cross-appealed from, and the order entered September 13, 2007, is modified accordingly; and it is further,

Ordered that the order entered July 9, 2008, is reversed insofar as reviewed, on the law, and the defendant's motion, in effect, for leave to renew that branch of his prior cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon his alleged negligence in failing to prosecute an appeal from an order in the underlying matrimonial action is denied; and it is further,

Ordered that the orders entered September 22, 2008 and April 8, 2009, respectively, are affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff retained the defendant to represent her in a matrimonial action. The plaintiff eventually settled the underlying action with her former husband (hereinafter the husband) and received the sums of $100,000 in equitable distribution and $1.5 million, representing her interest in the marital residence.

The plaintiff commenced this action against the defendant seeking, inter alia, to recover damages for legal malpractice. In the first cause of action, the plaintiff alleged that the defendant negligently: (1) advised her to settle the matrimonial action and to ignore evidence adduced by a forensic accountant that the husband earned, or had the ability to earn, annually, several hundred thousand dollars more than he claimed; (2) advised her to settle the matrimonial action without making an application to the court for the payment of his counsel fees by the husband, or obtaining an award of counsel fees as part of the settlement; (3) advised her to settle the matrimonial action without seeking recovery, in equitable distribution, for the appreciation of the allegedly separate property of the husband; and (4) failed to pursue and perfect an appeal from an order in the underlying matrimonial action regarding the validity of a postnuptial agreement.

In the second cause of action, the plaintiff sought treble damages, based upon a purported violation of Judiciary Law § 487 (2). In the third cause of action, the plaintiff sought to recover counsel fees she had already paid to the defendant on the ground that the fees were excessive. In the fourth cause of action, the plaintiff sought to recover counsel fees she had already paid to the defendant on the ground that the manner, form, substance,

and timeliness of the billing rendered by the defendant were not in conformity with the retainer agreement executed by the parties, the court rules referable to matrimonial actions, or the Code of Professional Responsibility. In the fifth cause of action, the plaintiff alleged that the defendant fraudulently induced her to sign the retainer agreement by misrepresenting that he would pursue an appeal from the order in the underlying matrimonial action, and continued to misrepresent to her that an appeal was being pursued. Finally, in the sixth cause of action, the plaintiff alleged that the defendant fraudulently induced her to sign the retainer agreement by misrepresenting that the person substantially responsible for her case was an attorney, whereas such person was, in fact, a disbarred attorney. The defendant interposed counterclaims against the plaintiff. The first three counterclaims sought to recover outstanding counsel fees, and the fourth counterclaim alleged defamation and violation of Judiciary Law § 90.

In an order entered September 13, 2007, the Supreme Court denied the defendant's cross motion (hereinafter the initial cross motion) for summary judgment dismissing the complaint on the ground that the initial cross motion was supported by the defendant's unsworn, self-entitled "affidavit," which was, in effect, an affirmation. The court concluded that, since the defendant was a party to the action, and was not merely affirming facts in his capacity as an attorney for a party, his affirmation could not be considered.

During the pendency of the defendant's appeal from the order entered September 13, 2007, the defendant filed a motion, denominated as one for, inter alia, summary judgment dismissing the complaint (hereinafter the defendant's motion). The plaintiff cross-moved for summary judgment dismissing the counterclaims.

In an order entered May 5, 2008, the Supreme Court, treating the defendant's motion as one for leave to reargue the initial cross motion, granted the motion and, in effect, vacated so much of the order entered September 13, 2007, as denied those branches of the initial cross motion which were for summary judgment dismissing the second, fifth, and sixth causes of action, so much of the first cause of action to recover damages for legal malpractice as was based upon the defendant's alleged negligent advice to settle the underlying matrimonial action without taking into consideration information contained in the forensic accounting report and without applying for an award of counsel fees, and so much of the fourth cause of action as sought a reimbursement of counsel fees the plaintiff already paid to the

defendant based upon the defendant's failure to render itemized bills. In the same order, the court granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's fourth counterclaim alleging defamation and violation of Judiciary Law § 90, and denied those branches of the plaintiff's cross motion which were for summary judgment dismissing the first three counterclaims seeking to recover outstanding legal fees.

On her appeal from the order entered May 5, 2008, the plaintiff contends that the defendant's motion was an impermissible, successive motion for summary judgment and that, even if properly treated by the court as a motion to reargue, it should have been denied as untimely. We reject this contention. The defendant's motion was, in effect, a motion for leave to renew and, thus, it was not subject to the same time limitations as a motion seeking reargument (*see Gillman v O'Connell*, 176 AD2d 305, 307 [1991]). Further, the Supreme Court did not improvidently exercise its discretion in granting that branch of the motion which was, in effect, for leave to renew on the ground that it should consider· the contents of the affirmation submitted on the initial cross motion, since the defendant submitted a properly notarized affidavit in support of that branch of his motion, repeating the assertions contained in the affirmation, thus correcting the inadvertent procedural error made on the initial cross motion (*see Arkin v Resnick*, 68 AD3d 692 [2009]; *DeLeonardis v Brown*, 15 AD3d 525, 526 [2005]; *Wester v Sussman*, 304 AD2d 656, 656-657 [2003]; *Puntino v Chin*, 288 AD2d 202, 203 [2001]).

However, in addition to the affidavit, the defendant proffered additional information not submitted on the initial cross motion, specifically, new evidence purportedly supporting the defendant's contentions that he believed that there were risks involved in claiming that the husband had a significantly greater income than that which was reported on the husband's tax returns, that the court in the underlying matrimonial action informed the parties at the start of trial that it would not award counsel fees, and that the sum of $100,000 that the plaintiff received in equitable distribution was meant to cover her counsel fees. Such additional evidence should have been disregarded by the court since the defendant failed to offer any justification for not having submitted it on the initial cross motion. While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the original motion. (*see J.D. Structures v Waldbaum*, 282 AD2d 434, 436 [2001]; *Cronwall Equities v International*

*Links Dev. Corp.*, 255 AD2d 354 [1998]), a motion for leave to renew " 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Renna v Gullo*, 19 AD3d 472, 473 [2005], quoting *Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]; *cf.* CPLR 2221 [d] [2] [a motion for leave to reargue "shall not include any matters of fact not offered on the prior motion"]).

Accordingly, upon renewal, the Supreme Court was limited to considering only the contents of the affirmation and any supporting evidence submitted by the defendant in support of the initial cross motion. Those submissions were insufficient to meet the defendant's burden of establishing his prima facie entitlement to judgment as a matter of law with respect to so much of the first cause of action as was to recover damages for legal malpractice based upon his alleged negligent advice to settle the underlying matrimonial action without taking into consideration information contained in a forensic accounting report, as he failed to establish as a matter of law that his course of conduct with respect to the accountant's report was reasonable (*see generally Kotzian v McCarthy*, 36 AD3d 863, 863 [2007]; *Fasanella v Levy*, 27 AD3d 616, 616 [2006]). As a consequence, the court, in effect, upon renewal, erred in vacating the determination in the order dated September 17, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing that portion of the first cause of action and thereupon granting that branch of the initial cross motion. Similarly, the contents of the affirmation and the evidence submitted in connection with the initial cross motion were insufficient to establish the defendant's prima facie entitlement to judgment as a matter of law with respect to so much of the first cause of action as was to recover damages for legal malpractice based upon his alleged negligent advice to settle the underlying matrimonial action without applying for an award of counsel fees and without obtaining an award of counsel fees as part of the settlement. Accordingly, the court, in effect, upon renewal, erred in vacating the determination in the order dated September 17, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing that portion of the first cause of action and thereupon granting that branch of the initial cross motion.

The Supreme Court correctly, in effect, upon renewal, adhered to the determination in the order entered September 13, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based

upon the defendant's alleged negligence in failing to perfect and prosecute an appeal from an order in the underlying matrimonial action (hereinafter the matrimonial order). "If the alleged malpractice is based on the attorney's failure to perfect an appeal from an order dismissing a cause of action in an underlying action, the plaintiff must show that, had the attorney perfected that appeal, the appeal would have been successful, the cause of action would have been reinstated, and the plaintiff would have prevailed on that cause of action in the underlying action (*see Suffolk Ave. Car Wash & Lube v Oberman*, 256 AD2d 75 [1998]; *Saferstein v Klein*, 250 AD2d 831 [1998])" (*McCluskey v Gabor & Gabor*, 61 AD3d 646, 648 [2009]). The matrimonial order dismissed the counterclaim of the plaintiff—who was a defendant in the matrimonial action—for the rescission of a postnuptial agreement executed by the plaintiff and the husband in February 1995. Pursuant to the postnuptial agreement, the plaintiff agreed to waive any right to equitable distribution with respect to the husband's businesses in exchange for her designation as a beneficiary of certain life insurance policies and in a testimonial disposition which the husband was to have made. On the initial cross motion, the defendant argued that an appeal was contemplated, but later abandoned, due to subsequent case authority "which made an appeal on this issue, an utter waste of time." The defendant did not elaborate as to his reasoning for not perfecting and prosecuting the appeal, and he did not submit a copy of the matrimonial order, nor did he explain the grounds and allegations upon which the plaintiff's counterclaim in the matrimonial action was premised. Thus, based upon the defendant's submissions on the initial cross motion, it could not be determined whether the matrimonial court properly dismissed the plaintiff's counterclaim in the matrimonial action for rescission of the postnuptial agreement. Accordingly, contrary to the defendant's contention, he failed meet his prima facie burden of establishing entitlement to judgment as a matter of law by demonstrating that, had he perfected and prosecuted the appeal from the matrimonial order, the appeal would not have been successful.

The Supreme Court erred by, in effect, upon renewal, vacating the determination in the order entered September 13, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages pursuant to Judiciary Law § 487 (2), and in thereupon granting that branch of the initial cross motion. Judiciary Law § 487 (2) provides, in relevant part, that an attorney who "[w]ilfully delays his client's suit with a view to his [or her] own gain" is guilty of a misdemeanor and may be liable

in treble damages. Any billing records that may have demonstrated whether or not the defendant willfully delayed the plaintiff's matrimonial action with a view to his own gain were not before the court on the initial cross motion and, since the defendant failed to offer a reasonable excuse for failing to include them with his initial submissions, the court should not have considered them on renewal. Moreover, in the initial cross motion, the defendant failed to address or even acknowledge the allegations raised by this cause of action, which included an assertion that he wilfully delayed the trial with a view toward his own gain (see Judiciary Law § 487 [2]). Accordingly, the court only should have considered the contents of the defendant's submissions on the initial cross motion and, in effect, upon renewal, should have adhered to the determination in the order entered September 13, 2007, denying that branch of the initial cross motion.

The Supreme Court also erred by, in effect, upon renewal, vacating the determination in the order entered September 13, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing the fourth cause of action to the extent that it was based upon a failure to render itemized bills, and in thereupon granting that branch of the initial cross motion. Although the court appropriately reasoned that noncompliance with 22 NYCRR 1400.2 does not require an attorney to return fees already paid to him or her for services properly rendered (see Mulcahy v Mulcahy, 285 AD2d 587, 588 [2001]; Markard v Markard, 263 AD2d 470, 471 [1999]), this cause of action sought the return of counsel fees already paid by the plaintiff not only on the ground that the defendant failed to render itemized bills in compliance with 22 NYCRR 1400.2 and 1400.3, but also on the ground that the defendant breached the retainer agreement by virtue of the manner, form, substance, and timeliness of his billing. Based on the contents of the defendant's submissions on the initial cross motion, the defendant failed to make a prima facie showing that he complied with the provision in the retainer agreement related to the manner of billing. Thus, the court erred in awarding summary judgment to the defendant dismissing this cause of action to the extent that it was based upon a failure to render itemized bills.

The Supreme Court properly, in effect, upon renewal, vacated the determination in the order entered September 13, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing the fifth cause of action to recover damages for fraudulent inducement, based upon the defendant's alleged misrepresentation that he would prosecute an

appeal from an order in the underlying malpractice action, and in thereupon granting that branch of the initial cross motion. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). The plaintiff alleged that she was fraudulently induced into executing the retainer agreement by the defendant's alleged promise that he would prosecute an appeal from an order in the underlying matrimonial action. She also asserted that she was informed during the course of the representation that the defendant's firm would address the appeal, but that the defendant failed to prosecute the appeal. Since the plaintiff is, in essence, arguing that the defendant breached the retainer agreement, the Supreme Court appropriately awarded summary judgment to the defendant dismissing this cause of action. " '[A] cause of action to recover damages for fraud will not arise when the only fraud alleged relates to a breach of contract' " (*Biancone v Bossi*, 24 AD3d 582, 583 [2005], quoting *Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 426 [2003]). Further, a representation of opinion or a prediction of something which is hoped or expected to occur in the future does not sustain an action to recover damages for fraud (*see Chase Invs. v Kent*, 256 AD2d 298, 299 [1998]).

However, the Supreme Court erred by, in effect, upon renewal, vacating the determination in the order entered September 13, 2007, denying that branch of the initial cross motion which was for summary judgment dismissing the sixth cause of action to recover damages for fraudulent inducement, based upon the defendant's alleged misrepresentation that the person who would be substantially responsible for her case was an attorney. The plaintiff alleged that she later learned that such person was a disbarred attorney, prohibited from practicing law, and that the defendant fraudulently concealed this information. Contrary to the Supreme Court's conclusion, we find that the defendant failed in his initial submissions to establish, as a matter of law, that the plaintiff did not justifiably rely upon his representation of this individual's status as an attorney in good standing.

The Supreme Court erred in denying those branches of the plaintiff's cross motion which were for summary judgment dismissing the first, second, and third counterclaims seeking to recover outstanding counsel fees. The Supreme Court, in denying these branches of the plaintiff's cross motion, reasoned that

questions of fact existed as to whether the defendant was justifiably discharged for cause, based upon his alleged failure to perfect and prosecute the appeal from the matrimonial order. However, as the plaintiff correctly points out, this was not the only basis upon which she sought summary judgment dismissing these counterclaims. The plaintiff also argued to the Supreme Court, inter alia, that these counterclaims should be dismissed since, had she known that a disbarred attorney was working on her case, she would have been justified in discharging the defendant for cause.

"[A] client has an absolute right, at any time, with or without cause, to terminate the attorney-client relationship by discharging the attorney" (*Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 43 [1990]; *see Solomon v Bartley,* 203 AD2d 449 [1994]). Where the discharge is for cause, the attorney has no right to compensation, and may not assert a retaining lien on the client's file (*see Campagnola v Mulholland, Minion & Roe,* 76 NY2d at 43; *Orendick v Chiodo,* 272 AD2d 901 [2000]; *Matter of Leopold,* 244 AD2d 411 [1997]). "Misconduct that occurs before an attorney's discharge but is not discovered until after the discharge may serve as a basis for a fee forfeiture" (*Orendick v Chiodo,* 272 AD2d at 902). An attorney may be discharged for cause where he or she has engaged in misconduct, has failed to prosecute the client's case diligently, or has otherwise improperly handled the client's case or committed malpractice (*see e.g. Costello v Kiaer,* 278 AD2d 50 [2000]; *Hawkins v Lenox Hill Hosp.,* 138 AD2d 572 [1988]).

In her cross motion, the plaintiff alleged that the disbarred attorney was closely involved in her case, and reassured her that he was working on her appeal from the matrimonial order. The plaintiff alleged that the disbarred attorney not only had contact with her, but also dealt with the husband's attorney and with the attorney for the children who had been appointed by the court. She claimed that the defendant seemed unfamiliar with her case, consulted with the disbarred attorney, and sought advice from the disbarred attorney when it was necessary to appear in court. The time records which the plaintiff submitted on her cross motion indicated that the defendant intended to bill her for conferring or meeting with the disbarred attorney on several occasions, that the disbarred attorney drafted memos and notes and that, on one occasion, the disbarred attorney accompanied the defendant to court. The plaintiff alleged in her affidavit that, while in court, the disbarred attorney consulted with her and the defendant "on how to handle whatever was in front of the court at that time."

Based upon the plaintiff's allegations, it appears that the disbarred attorney was engaged in the practice of law (*see Matter of Rowe*, 80 NY2d 336, 341-342 [1992], *cert denied sub nom. Rowe v Joint Bar Assn. Grievance Comm. for Second & Eleventh Jud. Dists.*, 508 US 928 [1993] ["The practice of law involves the rendering of legal advice and opinions directed to particular clients"]). A disbarred attorney may not engage in the practice of law (*see* 22 NYCRR 691.10 [e]), and an attorney may be guilty of professional misconduct where he intentionally aids a disbarred attorney to continue to practice law (*see Matter of Raskin*, 217 AD2d 187 [1995]). Further, the plaintiff alleged that the defendant knew that this individual was disbarred, yet intentionally failed to reveal this information. Moreover, the orders related to this individual's suspension and disbarment involve sustained charges of lying to clients and neglecting their cases. By entrusting the plaintiff's case to this individual to the extent alleged by the plaintiff, the defendant failed diligently to handle her case. Thus, the plaintiff met her burden of establishing, as a matter of law, that she would have been justified in discharging the defendant for cause.

In response to these allegations, the defendant merely asserted that the disbarred attorney's involvement in the plaintiff's case had no bearing on the issue of counsel fees since the plaintiff received a "phenomenal result," and that the Grievance Committee for the Tenth Judicial District "took no action with respect to [these allegations]." The defendant, however, never attempted to raise a triable issue of fact as to the level of this individual's involvement in the plaintiff's case, and never claimed that he was unaware of this person's status as a disbarred attorney. Although, on this appeal, the defendant raises a number of allegations in this regard, including that the disbarred attorney was only minimally involved in the plaintiff's case, these allegations are dehors the record. Accordingly, in response to the plaintiff's prima facie showing with respect to the defendant's lack of entitlement to retain counsel fees that she already paid, the defendant failed to raise a triable issue of fact.

After the Supreme Court issued the order entered May 5, 2008, the defendant cross-moved for leave to reargue that branch of the initial cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon his alleged negligence in failing to prosecute the appeal from the order in the underlying matrimonial action. In an order entered July 9, 2008, the Supreme Court, inter alia, treated the defendant's cross motion, denominated as one for leave to reargue, as a mo-

tion for leave to renew, and granted renewal based upon "new facts" which the defendant sought to submit. These alleged "new facts" were in the form of a copy of the matrimonial order and several other documents not submitted in support of the initial cross motion. Renewal should have been denied since the defendant did not offer an excuse for his failure to present the underlying order or the other materials in support of the initial cross motion (*see O'Connell v Post*, 27 AD3d 631 [2006]; *Elder v Elder*, 21 AD3d 1055 [2005]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 19 AD3d 391 [2005]; *Daria v Beacon Capital Co.*, 299 AD2d 312, 313 [2002]).

In the order entered July 9, 2008, the Supreme Court also denied the plaintiff's motion for renewal and reargument. The plaintiff appeals from this portion of the order. However, it is clear that the plaintiff's motion, although denominated as one for renewal and reargument, was, in fact, a motion only for reargument, the denial of which is not appealable (*see Tokio Mar. & Fire Ins. Co., Ltd. v Borgia*, 11 AD3d 603 [2004]; *Ruddock v Boland Rentals*, 5 AD3d 368 [2004]).

The defendant thereafter moved a second time (hereinafter the second motion) for leave to renew and reargue that branch of the initial cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon his alleged negligence in failing to perfect and prosecute the appeal from the matrimonial order. In an order entered September 22, 2008, the Supreme Court denied the second motion. The defendant thereafter moved a third time (hereinafter the third motion) for leave to renew and reargue the same branch of the initial cross motion. In an order entered April 8, 2009, the Supreme Court denied the third motion. The defendant appeals from both the order entered September 22, 2008, and the order entered April 8, 2009. These orders are not appealable to the extent that they denied the defendant's motions to reargue (*see Tokio Mar. & Fire Ins. Co., Ltd. v Borgia*, 11 AD3d 603 [2004]; *Ruddock v Boland Rentals*, 5 AD3d 368 [2004]). The Supreme Court properly denied those branches of both the second and third motions which were for leave to renew (*see O'Connell v Post*, 27 AD3d 631 [2006]; *Elder v Elder*, 21 AD3d 1055 [2005]; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 19 AD3d 391 [2005]; *Daria v Beacon Capital Co.*, 299 AD2d at 313; CPLR 2221 [e] [2]).

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31335(U).]**