Fuld, J.
This appeal, from a judgment dismissing the complaint in a replevin action, marks a 10-year attempt by the plaintiff to recover possession of an automobile taken from him *279 by the Nassau County police. In determining the questions presented, we, of course, put to one side the plaintiff’s criminal record, for, unsavory though his reputation be, he has the same rights and is entitled to the same remedies as the best and most exemplary of men.
In February, 1948, James Savini, also known as James Gallo — by which name we shall hereafter refer to him — purchased a 1947 Cadillac sedan for $4,195 from a dealer in Miami, Florida. He was wanted in Nassau County for jumping bail and, in March of that year, the Nassau County police received information that he could be found in Port Washington. On or about March 8, the police located the automobile in the possession of the plaintiff and he, questioned about it, stated that he had purchased it the day before from Gallo. Told by the police that they ‘ ‘ believed the car was stolen ’ ’ and that Gallo was ‘1 wanted for parole violation ’ ’, the plaintiff, at the direction of the officers, drove to police headquarters where, over his protest, the car was ‘ ‘ impounded. ’ ’
According to the plaintiff, Gallo, whom he had known for some time, telephoned to him at his home and told him that he had an automobile which he wished to sell for $4,200; at that time, the testimony given at the trial revealed, the car was worth between $4,000 and $4,500. The plaintiff said that he was interested, met Gallo at the parking lot where the car was located, looked it over and decided to buy it. He paid $3,500 in cash, saved while he had been overseas with the Army in World War II, and cancelled a debt of $500 which Gallo owed him. The plaintiff’s account of the transaction was supported to some extent by the taxi driver who had driven him to the parking lot where he met Gallo. The cab driver testified that he heard Michalowski tell the other man that ‘ ‘ he would buy the car for * * * $3500 and the note, something like that ’ ’, that he saw the former ‘ ‘ count out money ’ ’, that he ‘ ‘ heard him say thirty, thirty-one * * * heard him talk about a note, or I.O.TJ.”
and that he “ saw $3500 pass ” to Gallo before the plaintiff took the car and drove off.
In April of 1948, about a month after the car had been taken by the police, Michalowski produced a ‘1 certificate of title ’ ’, executed a day earlier by Gallo before a notary public in Georgia, transferring title to him, and, on the strength of that, received *280 license plates and registration papers from the New York State Motor Vehicle Burean. Michalowski then presented his New York registration certificate to the Nassau County police and again demanded the return of the car. The police refused and, when he declined to tell them of Gallo’s whereabouts, arrested him as a material witness and took away his car keys and registration papers.
Asked at the trial why the police had refused to return the vehicle, one of the two detectives called by the defendant explained, “ We know that Savini is wanted. We know Gallo is Savini and for that reason we refused to give the car.” The police officer acknowledged that the plaintiff had insisted that the car ‘ ‘ belonged to him ’ ’ and that there was no report of any kind that it was stolen and no ‘ ‘ check ” or “ effort ’ ’ thereafter made to determine whether it had been. Since the plaintiff did not “ produce proper ownership ”, the officer said, they decided that the car belonged to Gallo and that they were entitled to take it; as the detective put it, the police ‘ ‘ have a right in every case where a person is a fugitive to seize his property
Subsequently, Michalowski brought an article 78 proceeding to require the Nassau County Police Commissioner and District Attorney to relinquish possession of the automobile. Ruling that such a proceeding was not appropriate, the court dismissed the petition, expressly noting that the dismissal was ‘ ‘ without prejudice” to the institution of a replevin action (Matter of Michalowski v. Beckman, 274 App. Div. 946, 947).
Shortly thereafter, Michalowski was imprisoned following his conviction of the crime of attempted rape. Paroled in 1953, he instituted the present suit in replevin and, in connection with it, procured another affidavit from Gallo in which the latter reasserted that he had sold the car to the plaintiff in March, 1948. In the summer of 1953, the plaintiff was returned to prison for violation of parole and the case was further put off. At the trial, held after his release in 1955, the Court, deciding that the plaintiff had a present right to possession of the automobile, ordered it delivered to him, but denied damages for its detention. The Appellate Division, disagreeing with respect to plaintiff’s right to possession, reversed and dismissed the complaint; in part, it wrote that, “ With the unsavory police records of the plaintiff and Savini and the connection between them as shown *281 in this record, the police were warranted in seizing the car ’ ’ and that, since the plaintiff ‘ ‘ was not entitled to possession when he instituted the action, he was not entitled to a judgment awarding him possession ”.
Study of the record and the cases leads us to a different result. In our judgment, the proof permits of only one conclusion, and that is that the plaintiff had an undoubted right to the automobile at the time suit was commenced and, accordingly, was entitled not only to possession of the vehicle, but also to damages for its wrongful detention. (See e.g., Hofferman v. Simmons, 290 N. Y. 449, 455 et seq.; Allen v. Fox, 51 N. Y. 562, 564-565; Wells on Law of Replevin [2d ed., 1907], §§ 32-33, pp. 23-36; Cobbey on Law of Replevin [2d ed., 1900], §§ 22-24, pp. 13-14.)
The police were informed in March of 1948, when they first took the car, that it belonged to the plaintiff and that he had purchased it from Gallo; they were shown, at that time, a bill of sale from the Florida dealer to the latter and, a month later, the plaintiff presented a bill of sale transferring title from Gallo to himself, as well as a New York registration certificate in his name. The plaintiff could have done nothing more to prove his ownership and his right to possession. Certainly, if the police had even some slight semblance of justification in seizing the car in March, to quote them, for “ further investigation ” and because of lack of “ proof of proper ownership ”, basis for even that excuse was no longer available in April, when proof of ownership was provided. Actually, the fact that the car was not stolen was either apparent or soon known to the police. Although one of the detectives testified that he had “ a suspicion ’ ’ that it could have been a stolen car, he admitted that the police had no report that it was stolen and, more significant, made no effort to determine whether it had been. Moreover, the police at no time brought the car before a magistrate or judge despite the explicit statutory command that, ‘1 in every case of seizure [of a car believed to be stolen], the officer making the seizure shall forthwith proceed to the most accessible magistrate or judge ” for examination into the facts and instruction as to the disposition of the vehicle (Vehicle and Traffic Law, § 60, subd. 3).
Upon the trial, the police sought to justify their action by charging that the car belonged to Gallo, not the plaintiff, and that they “ have a right in every case where a person is a fugi *282 tive to seize his property Such a claim is completely without support, the law being clearly to the contrary. ‘ ‘ All forfeitures to the people of the state * * * where a person flees from justice,” the Penal Law of this state announces (§ 512), “ are abolished.” And, if, by virtue of solemn statute, the property may not be forfeited because it belongs to a fugitive, it must follow, on principle and from analogy (see Pound, Common Law and Legislation, 21 Harv. L. Rev. 383, 385-386; Stone, The Common Law in the United States, 50 Harv. L. Rev. 4, 13), that it may not be seized solely because it may have been owned by a fugitive.
No other reason is put forward to justify or vindicate detention of the ear. There is no question, and the police so acknowledged, that the car was not held as evidence (cf. Simpson v. St. John, 93 N. Y. 363), was not the “ fruit of a crime ” or “ used in the commission of a crime.” (Cf. Carr v. Hoy, 2 N Y 2d 185; Hofferman v. Simmons, 290 N. Y. 449, supra.) Nor is this a case in which the courts are asked to assist “ a party to an illegal contract ” to “ carry out his illegal object ” or in which the plaintiff, “as a basis for his claim, must show forth his illegal purpose”. (Cf. Stone v. Freeman, 298 N. Y. 268, 271; Carr v. Hoy, 2 N Y 2d 185, 187, supra; Flegenheimer v. Brogan, 284 N. Y. 268, 272.) There assuredly is nothing illegal in plaintiff’s purchase of the car and even less is there warrant for a conclusion that the plaintiff acted unlawfully in taking possession of it. He paid a fair price at a time, he testified, when he did not know that Callo was wanted by the police, and there is no evidence to the contrary. And, even if we were to suppose that the plaintiff knew that the police wanted to arrest his friend, the sale would still be valid, for, absent facts rendering the purchaser an accessory or indicating an intent on his part to defeat justice, the law does not stamp illegal the purchase of an article lawfully owned by a fugitive.
In other words, however the record evidence is viewed, the plaintiff is entitled to recover both possession of the car and damages for its wrongful detention.
The judgment of the Appellate Division should be reversed in accordance with the views expressed in this opinion and the matter remitted to the trial court for the assessment of damages, with costs in this court and in the Appellate Division.
*283 Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Voorhis and Burke concur.
Judgment reversed, with costs in this court and in the Appellate Division, and matter remitted to Trial Term for further proceedings in accordance with the opinion herein.