■ REUBEN E. GROSS, Appellant, v. STATE COOPERAGE EXPORT CRATING AND SHIPPING Co. et al., Respondents.— In an action *inter alia* to rescind a contract under which defendants agreed to transport goods for plaintiff, on the ground of fraud, plaintiff appeals from an order of the Supreme Court, Richmond County, dated November 29, 1968, which denied his motion for a preliminary injunction and dismissed the action on the ground that plaintiff had an adequate remedy at law. Order reversed, with $10 costs and disbursements, on the law and the facts, and plaintiff is granted a preliminary injunction restraining defendants from negotiating or demanding payment upon the bill of lading referred to in the complaint, pending determination of the action, on condition that plaintiff, on or before 10 days after entry of the order to be made hereon, give an undertaking with corporate surety, in the amount of $3,000, that if it is finally determined that he was not entitled to an injunction he will pay defendants all damages and costs which may be sustained by reason of the injunction. In our opinion, the amended complaint on its face sufficiently alleges a cause of action for rescission on the ground of fraud. Under certain circumstances an expression of opinion, including an estimate, may be fraudulently uttered (37 C. J. S., Fraud, § 12; *Downey* v. *Mallinson,* 232 App. Div. 703). Although the placing of $3,800 with a bank by plaintiff to secure the release of his goods sufficiently alleges injury and damage, it is not necessary for a defrauded party to show that he has suffered pecuniary damages in order to obtain rescission (*Downey* v. *Mallinson, supra*; *Commercial Credit Corp.* v. *Third & Lafayette Sts. Garage,* 226 App. Div. 235). Nor will rescission be necessarily denied where the plaintiff cannot return consideration in the form of labor and services that have been bestowed upon him by defendant. The value of the benefits received may be allowed in lieu of restoration (*Buffalo Bldrs. Supply Co.* v. *Reeb,* 247 N. Y. 170, 176; *Ballantine* v. *Ferretti,* 28 N. Y. S. 2d 668; 5 Corbin, Contracts, § 1114). It is also our view that plaintiff is entitled to a preliminary injunction, since demand by defendants for payment upon the bill of lading may render the judgment ineffectual (CPLR 6301). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.