■ Grosso Moving & Packing Co., Inc., et al., Respondents, v Stuart Damens, Appellant. [649 NYS2d 136] —Appeal from order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 20, 1995, which denied defendant's motion to renew and reargue, unanimously dismissed as taken from a nonappealable order, with costs payable to plaintiffs-respondents.

As defendant did not proffer any new evidence that was in existence at the time of the original motion but of which he was unaware (*see, Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27, *lv denied* 80 NY2d 1005), the instant motion, denominated as one for "renewal and reargument", was properly deemed one for reargument only, the denial of which is nonappealable (*see, Kean v Phelps*, 186 AD2d 368). To the extent that that part of the motion as sought leave to "reargue" the Statute of Limitations, which was not raised in the previous motion, might be considered a new and unrelated motion, it is precluded by the single motion rule of CPLR 3211 (e), since defendant already made one preanswer motion to dismiss under CPLR 3211 (a) (*see, Hertz Corp. v Luken*, 126 AD2d 446, 448-449).

Were we not dismissing, we would affirm. The Statute of Limitations in accountant malpractice actions begins to run upon the receipt by the client of the accountant's work product (*see, Ackerman v Price Waterhouse*, 84 NY2d 535, 543), and plaintiffs allege that defendant did not provide them with work

product, or return certain business records, until 1990. Plaintiffs have also alleged all the essential elements of fraud with sufficient particularity to withstand a motion to dismiss. Concur—Wallach J. P., Rubin, Nardelli, Williams and Andrias, JJ.