■ SONIA SALLUSTI et al., Appellants, v BETTY JONES et al., Respondents. (Action No. 1.) BARBARA BOWDEN et al., Plaintiffs, v VANCOM MANAGEMENT SERVICES, INC., et al., Defendants. (Action No. 2.) [710 NYS2d 547] —In related actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1 appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 16, 1999, as granted the cross motion of the defendants in Ac-

tion No. 1 for summary judgment dismissing the complaint in Action No. 1, and (2) from an order of the same court dated December 21, 1999, which denied their motion which was denominated as one to renew and reargue but which was, in fact, to reargue the cross motion for summary judgment.

Ordered that the appeal from the order dated December 21, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 16, 1999 is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The court properly granted the cross motion of the defendants in Action No. 1 for summary judgment on the ground that neither of the plaintiffs in Action No. 1 sustained a serious injury within the meaning of Insurance Law § 5102 (d). The defendants established a prima facie case through the affidavits and incorporated reports of a physician who examined the plaintiffs and concluded that they had not sustained an accident-related injury (*see, Gaddy v Eyler,* 79 NY2d 955). The medical evidence that the plaintiffs submitted in opposition to the motion for summary judgment was insufficient to raise a triable issue of fact (*see,* CPLR 3212 [b]).

The appellants' motion, characterized as one for renewal and reargument of the prior motion for summary judgment, was not based upon new facts which were unavailable at the time of the prior motion. In addition, the appellants failed to offer a valid excuse as to why the medical evidence offered upon their motion to "renew and reargue," was not submitted in opposition to the prior motion. Therefore, the motion to "renew and reargue" was in fact a motion to reargue, the denial of which is not appealable (*see, Bossio v Fiorillo,* 222 AD2d 476). O'Brien, J. P., Friedmann, McGinity and Smith, JJ., concur.