◼ SUSAN FRISENDA et al., Respondents-Appellants, v X LARGE ENTERPRISES INC., Doing Business as IGUANA WANA, Appellant-Respondent. [720 NYS2d 187] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered December 7, 1999, as (a) granted that branch of the plaintiffs' motion which was, in effect, for reargument of so much of a prior order of the same court entered August 30, 1999, as granted its motion for summary judgment dismissing the complaint, and (b), upon reargument, denied its motion for summary judgment, and the plaintiffs cross-appeal from so much of the same order as denied that branch of their motion which was, in effect, for reargument of stated portions of the order entered August 30, 1999.

Ordered that the cross appeal is dismissed, as no appeal lies from an order denying reargument (*see, Sallusti v Jones,* 273 AD2d 293); and it is further,

Ordered that the order entered December 7, 1999, is reversed insofar as appealed from, on the law, that branch of the plaintiffs' motion which was, in effect, for reargument of so much of the order entered August 30, 1999, as granted the

defendant's motion for summary judgment dismissing the complaint is denied, and so much of the order entered August 30, 1999, as granted the defendant's motion for summary judgment dismissing the complaint is reinstated; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs' motion, characterized as one for renewal and reargument, was not based upon new facts which were unavailable at the time of the defendant's motion for summary judgment. Therefore, the plaintiffs' motion was in fact a motion to reargue, the denial of which is not appealable (*see, Sallusti v Jones, supra; Bossio v Fiorillo,* 222 AD2d 476, 477; *Grosso Moving & Packing Co. v Damens,* 233 AD2d 128). Accordingly, the cross appeal must be dismissed.

A motion for reargument is addressed to the discretion of the court and is designed to afford a party an opportunity, *inter alia,* to show that the court misapplied the law. However, it is not designed to offer a party an opportunity to argue a new theory of law not previously advanced by it. Accordingly, the Supreme Court should not have granted any part of the plaintiffs' motion for reargument (*see, Foley v Roche,* 68 AD2d 558, 567-568). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.