◼ NIGEL MURRAY et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [725 NYS2d 73] —In an action, *inter alia,* to recover damages based on the negligent hiring of police officers and negligent impounding of a vehicle, the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 14, 2000, which, upon reargument, granted those branches of the motion of the defendants City of New York and the New York City Police Department which were to dismiss the second and third causes of action of the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The plaintiff Nigel Murray was arrested on April 9, 1997, while in the back seat of a vehicle leased to the plaintiff Blueth Ogunnoikki. The car was impounded for approximately one month. Murray was subsequently tried and acquitted of all charges, after a jury trial, on February 24, 1998. The complaint, filed on February 19, 1999, alleged causes of action to recover damages for malicious prosecution; negligent hiring, training, and retention of police officers; and negligent impounding of a vehicle. The Supreme Court denied the motion of the defendants City of New York and the New York City Police Department (hereinafter collectively the City) to dismiss the second and third causes of action as time-barred. Reargument was granted, and upon reargument the motion was granted and the second and third causes of action were dismissed.

Because the City's sole argument on the motion to reargue was that the Supreme Court misapplied the controlling

principle of law on the prior motion, and it advanced no new theories of law, the Supreme Court providently exercised its discretion in granting the motion to reargue (*see, Frisenda v X Large Enters.,* 280 AD2d 514).

Upon reargument, the second and third causes of action in the complaint were properly dismissed as time-barred. The plaintiffs' contention that the Statute of Limitations on the second and third causes of action runs from the date of Murray's acquittal is without merit. General Municipal Law § 50-i provides that a cause of action against the City accrues upon "the happening of the event upon which the claim is based." Although the continuation of the criminal action delayed accrual of any possible claim alleging malicious prosecution, it did not delay accrual of the second cause of action to recover damages, *inter alia,* for negligent hiring, training, and retention of police officers, and the third cause of action alleging negligent impounding of her vehicle. Moreover, contrary to the plaintiffs' arguments, those causes of action are related to Murray's arrest, and resolution of the criminal action did not affect the factual basis for the second and third causes of action. Thus, because the action against the respondents concededly was not commenced within one year and 90 days after Murray's April 9, 1997, arrest, the second and third causes of action are time-barred (*see,* General Municipal Law § 50-i).

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., McGinity, Luciano and Townes, JJ., concur.