■ DILVINDER BHULLAR, Appellant, v MICHAEL DELLA VECCHIA & SON, INC., et al., Respondents. [728 NYS2d 724] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered September 11, 2000, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and two orders of the same court entered October 10, 2000, and January 3, 2001, respectively, which denied his motions, denominated as motions for renewal and reargument, but which were, in effect, for reargument of the defendants' motion for summary judgment dismissing the complaint.

Ordered that the appeals from the orders entered October 10, 2000, and January 3, 2001, are dismissed, as no appeals lie from orders denying reargument; and it is further,

Ordered that the order entered September 11, 2000, is af-. firmed; and it is further,

Ordered that the the defendants are awarded one bill of costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants made a prima facie showing of entitlement to judgment as a matter of law (*see, Gaddy v Eyler,* 79 NY2d 955), and the medical evidence submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact (*see, Sallusti v Jones,* 273 AD2d 293; *Pagano v Kingsbury,* 182 AD2d 268).

The plaintiff's subsequent motions, denominated as motions for renewal and reargument, were, in effect, motions for reargument, the denial of which is not appealable. The motions were not based upon new evidence which was unavailable to the plaintiff at the time of the prior motion, and the plaintiff failed to offer a valid excuse for his failure to submit this evidence earlier (*see, Sallusti v Jones,* 273 AD2d 293; *Nisnewitz v Renna,* 273 AD2d 210; *Harewood v Aiken,* 273 AD2d 199). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.