■ RICHARD SPATOLA et al., Appellants-Respondents, v BURT R. TARCHER et al., Respondents-Appellants. (And Other Actions.) [739 NYS2d 848] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated March 15, 2001, as granted that branch of the defendants' motion which was for reargument and renewal of their prior motion to vacate an order of the same court, dated June 20, 2000, entered upon their default in appearing and answering, and, upon reargument and renewal, vacated their default, and the defendants cross-appeal from so much of the same order as, upon reargument and renewal, denied that branch of their motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the defendants' motion which was for reargument and renewal is denied, the motion is otherwise denied as academic, and the order dated June 20, 2000 is reinstated; and it is further,

Ordered that the cross appeal is dismissed as academic, without costs or disbursements.

The Supreme Court erred in granting that branch of the defendants' motion which was for reargument of their original motion to vacate their default. A motion to reargue is not designed to afford a party an opportunity to argue a new theory of law not previously advanced on the original motion (*see Frisenda v X Large Enters.*, 280 AD2d 514; *Foley v Roche,* 68 AD2d 558). Since the defendants advanced on their motion to reargue several new theories not advanced on their original motion, the Supreme Court should have denied leave to reargue (*see Frisenda v X Large Enters., supra; cf. Murray v City of New York,* 283 AD2d 560).

The Supreme Court also should have denied that branch of the defendants' motion which was for leave to renew, as they failed to offer a reasonable excuse for not submitting the additional facts when the original motion was made (*see Morrison v Rosenberg,* 278 AD2d 392).

In light of our determination on the appeal, the cross appeal has been rendered academic. Ritter, J.P., Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.