■ NAM JIN CHUNG et al., Appellants, v M & S DELI et al., Defendants. M & S DELI CORP., Nonparty Respondent. [741 NYS2d 435] —In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 26, 2000, as denied their motion to amend the caption and the complaint to add a defendant, and (2) from an order of the same court, dated August 4, 2000, which denied their motion, in effect, for leave to reargue and, sua sponte, imposed costs and sanctions against them.

Ordered that the appeal from so much of the order dated August 4, 2000, as denied the motion for leave to reargue, is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the appeal from so much of the order dated August 4, 2000, as, sua sponte, imposed costs and sanctions, is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and leave to appeal has not been granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated May 26, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the nonparty respondent is awarded one bill of costs.

The Supreme Court properly denied the plaintiffs' motion for leave to amend the caption and the complaint to add a defendant because the statute of limitations had expired and the plaintiffs failed to demonstrate that the relation-back doctrine was applicable (*see Mondello v New York Blood Ctr.,* 80 NY2d 219, 226; *Austin v Interfaith Med. Ctr.,* 264 AD2d 702; *Bettis v County of Nassau,* 212 AD2d 749, 750). In addition, since the plaintiffs' motion for leave to "renew and reargue" was not based upon new facts that were unavailable at the time of the original motion, it was, in actuality, a motion for leave to reargue (*see Rabbenu v 26 Adar N.B. Corp.,* 282 AD2d 642; *Sallusti v Jones,* 273 AD2d 293, 294; *Diorio v City of New York,* 202 AD2d 625), the denial of which is not appealable (*see Frisenda v X Large Enters.,* 280 AD2d 514). Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.