■ JULES HOFFMAN, Respondent-Appellant, v CHERYL UNTERBERG et al., Appellants-Respondents. [780 NYS2d 620]—

In an action, inter alia, to recover damages for conversion, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated July 17, 2003, as denied their cross motion for summary judgment dismissing the sixth cause of action and for summary judgment on the seventh cause of action for a declaratory judgment in favor of the defendant Cheryl Unterberg, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied those branches of his motion which were for summary judgment on the sixth and seventh causes of action.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was for summary judgment dismissing the sixth cause of action is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the cross appeal from so much of the order as denied that branch of the motion which was for summary judgment on the sixth cause of action is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the cross appeal from so much of the order as denied that branch of the motion which was for summary judg-

ment on the seventh cause of action insofar as asserted against the defendants David Unterberg and Alayne Real Estate, Inc., is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In our decision and order in a companion appeal (see *Hoffman v Unterberg*, 9 AD3d 386 [2004] [decided herewith]), this Court, inter alia, dismissed the plaintiff's sixth cause of action. Consequently, the appeal and cross appeal from so much of the order as denied those branches of the motion and cross motion which were for summary judgment on that cause of action are academic.

The background of this action is set forth in our decision and order in the companion appeal. At issue on this appeal and cross appeal is the plaintiff's seventh cause of action, which seeks a judgment declaring, inter alia, that an option granted to the defendant Cheryl Unterberg to purchase 24% of Setam Realty Associates, LLC (hereinafter Setam), a limited liability company, was invalid. In the decision and order in the companion appeal, we dismissed that cause of action insofar as asserted against the defendants David Unterberg and Alayne Real Estate, Inc., and therefore the cross appeal as to those two defendants with respect to the seventh cause of action is also academic.

While the plaintiff alleged in his second amended complaint, among other things, that the agreement granting Cheryl Unterberg the 24% option was a forgery, he abandoned that claim when he moved for summary judgment. As to his remaining claims, there is no merit to his contentions that Cheryl Unterberg renounced the option when she renounced her inheritance, that the option lacked the essential terms of an enforceable contract, and that the option lapsed before it was exercised. Further, even assuming that the plaintiff had the right to revoke the option as he contends, an issue we need not reach, his conclusory and unsupported assertion that he revoked the option before Cheryl Unterberg exercised it was insufficient to demonstrate his entitlement to summary judgment or to raise a triable issue of fact in opposition to the cross motion for summary judgment (see *Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259 [1970]; *Leshowitz v Conklin*, 245 AD2d 343, 344 [1997]).

However, there exists a triable issue of fact as to the reasonableness of the terms of the note given by Cheryl Unterberg in payment of the 24% interest in Setam. The option provided that the purchase price could be paid by "a note bearing interest at the mid-term federal rate as announced under Internal Reve-

nue Code section 1274 and with terms reasonably acceptable to the Grantor." The promissory note executed by Cheryl Unterberg was for a nine-year term and provided that it was not negotiable and could not be assigned or transferred. The plaintiff contends that such terms were not reasonable given his advanced age. There is a question of fact as to whether the terms of the note were reasonable under the circumstances. However, contrary to the plaintiff's contention, the terms were not unconscionable (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10 [1988]).

In addition, there is a question of fact as to whether the plaintiff, nevertheless, accepted Cheryl Unterberg's exercise of the option by accepting certain prepayments under the note before notifying her, more than two months after she exercised the option, that he was rejecting it. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.