DANIEL B. URQUHART, Appellant, v PHILBOR MOTORS, INC., Respondent. [780 NYS2d 176]—

In an action, inter alia, for rescission of a contract of sale of a vehicle and to recover damages for fraud and breach of warranty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated May 2, 2003, as granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for partial summary judgment on the first, second, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the fourth, seventh, and eighth causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and those causes of action are reinstated.

The Supreme Court erred in dismissing the seventh and eight causes of action based on common-law fraud and fraudulent inducement, respectively. In an action for rescission of a contract of sale on the ground of fraud, it is not incumbent upon the plaintiff to establish actual pecuniary loss (*see Russo v Guardsman Lease Plan*, 82 AD2d 801 [1981]; *Gross v State Cooperage Export Crating & Shipping Co.*, 32 AD2d 540 [1969]). The es-

sential elements of a cause of action based on fraudulent representations are representation of a material existing fact, falsity, scienter, reliance, and injury (*see Small v Lorillard Tobacco Co.,* 94 NY2d 43, 57 [1999]; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407 [1958]). The plaintiff alleged that the defendant's sales representatives knowingly misrepresented the history of the subject vehicle to him, that the plaintiff reasonably relied on the misrepresentations in purchasing the vehicle, and that the plaintiff subsequently discovered that he could only receive a certificate of title for a "salvage vehicle." The affidavit submitted by the defendant was insufficient to establish prima facie entitlement to summary judgment because it was not by a person with first-hand knowledge of the alleged misrepresentations (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

With respect to the fourth cause of action pursuant to the Uniform Commercial Code for delivery of non-conforming goods, the defendant demonstrated its prima facie entitlement to summary judgment by showing that at the time of delivery, the vehicle had no prior accidents, damages, or reported title problems and that it was fit for its intended purpose. However, in opposition, the plaintiff raised a triable issue of fact as to whether the "salvage" or "rebuilt" designation of the vehicle substantially impaired its value to the plaintiff (*see* UCC 2-608).

The parties' remaining contentions are without merit. Prudenti, P.J., Krausman, Townes and Spolzino, JJ., concur.