■ MONA GIOVANNI, Respondent, v JAMES MORAN, Doing Business as CABINET EMPORIUM, Appellant. [782 NYS2d 384]—In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered May 27, 2003, as denied his motion, in effect, for leave to reargue his prior motion pursuant to CPLR 5015 (a) (1) to vacate a judgment entered upon his default.

Ordered that the appeal is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument.

The Supreme Court properly treated the defendant's motion as one for leave to reargue because it was not based upon new facts that were unavailable at the time of the original motion (*see* CPLR 2221 [d]; *Nam Jin Chung v M & S Deli,* 293 AD2d 725 [2002]; *Cong. Bais Rabbenu v 26 Adar N.B. Corp.,* 282 AD2d 642 [2001]; *Frisenda v X Large Enters.,* 280 AD2d 514 [2001]). No appeal lies from an order denying reargument (*see Nam Jin Chung v M & S Deli, supra; Cong. Bais Rabbenu v 26 Adar N.B. Corp., supra; Frisenda v X Large Enters., supra*). Altman, J.P., Krausman, Luciano, Mastro and Lifson, JJ., concur.

■ GERARD GROSOF et al., Appellants, v LAURETTA GOFORTH, Respondent. [782 NYS2d 384]—In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated October 23, 2003, which denied their motion, among other things, to compel discovery, and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint (*see* CPLR 3212). The defendant established her entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition, the plaintiffs' conclusory and unsupported assertions were insufficient to raise a triable issue of fact (*see Hoffman v Unterberg,* 9 AD3d 389 [2004]; *Hestnar v Schetter,* 284 AD2d 499, 500-501 [2001]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.