■ LYNN S. JOWERS, Appellant, v PEOPLE OF THE STATE OF NEW YORK et al., Respondents. (Claim No. 92183.) [785 NYS2d 703]—In a claim, inter alia, to recover damages for harassment, the claimant appeals from (1) an order of the Court of Claims (McNamara, J.), dated July 11, 2003, which denied his motion to vacate an order of the same court dated September 22, 1995, which granted the defendants' motion to dismiss the claim upon his default in opposing the motion, and (2) an order of the same court dated December 9, 2003, which denied his motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated December 9, 2003, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 11, 2003, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appellant failed to present a reasonable excuse for his default in opposing the respondents' motion to dismiss. Accordingly, the Court of Claims providently exercised its discretion in denying the appellant's motion to vacate (*see* CPLR 5015 [a] [1]; *Santiago v New York City Health & Hosps. Corp.,* 10 AD3d 393 [2004]; *Mount Sinai Hosp. of Queens v Hertz Corp.,* 3 AD3d 523, 524 [2004]; *Spells v A&P Supermarkets,* 253 AD2d 422 [1998]; *Roussodimou v Zafiriadis,* 238 AD2d 568, 568-569 [1997]).

The appellant's subsequent motion, denominated as one to vacate, was, in effect, for leave to reargue, the denial of which is not appealable (*see Nam Jin Chung v M & S Deli,* 293 AD2d 725 [2002]; *Frisenda v X Large Enters.,* 280 AD2d 514, 515 [2001]). Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.