■ LINDA SALATINO, Respondent, v PATRICK SALATINO, Appellant. [786 NYS2d 570]—

In an action, inter alia, to recover damages for breach of contract, for the imposition of a constructive trust, to quiet title

to real property, and for conversion and replevin, the defendant appeals from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated January 6, 2004, as denied those branches of his motion to dismiss the first through sixth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that her late mother and the defendant, her father, orally conveyed to her an immediate one-half ownership interest in two parcels of real property located in Brooklyn, New York, and Milton, New York. According to the plaintiff, in reliance on the oral conveyances, she invested time and money managing and maintaining both properties, and she also claims ownership of approximately $29,000 in personal property located at the Milton property. The plaintiff also alleges that following a dispute between the parties in September 2001, the defendant reneged on the conveyances and has refused to return her personal property.

The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the first through sixth causes of action. Viewing the facts alleged in the complaint and the motion papers as true and giving the plaintiff the benefit of all inferences (*see Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409 [2001]), we find that the plaintiff established viable causes of action based upon promissory estoppel arising out of the alleged oral conveyances (*see Gurreri v Associates Ins. Co.*, 248 AD2d 356 [1998]), and for the imposition of a constructive trust as to both properties (*see Bankers Sec. Life Ins. Socy. v Shakerdge*, 49 NY2d 939 [1980]; *Matter of Bayside Controls*, 295 AD2d 343 [2002]).

The plaintiff's claim of ownership of approximately $29,000 in personal property located at the Milton property and the allegation that following a dispute in September 2001, the defendant refused to return that personal property, sufficiently established viable causes of action for conversion (*see Hoffman v Unterberg*, 9 AD3d 389 [2004]), and replevin (*see Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311 [1991]; *Michalowski v Ey*, 4 NY2d 277 [1958]).

The plaintiff's causes of action to quiet title as to both properties were not time-barred by the applicable 10-year statute of limitations (*see* CPLR 212 [a]; *Myers v Bartholomew*, 91 NY2d 630 [1998]).

The defendant's remaining contentions are without merit. Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.