■ EILEEN ROSS, Respondent, v UMESH GIDWANI et al., Defendants, and VIDYA PATEL, Appellant. [850 NYS2d 567]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Vidya Patel appeals from (1) an order of the Supreme Court, Queens County (Taylor, J.), dated September 25, 2006, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her, and (2) an order of the same court entered March 14, 2007, which denied her motion for leave to reargue and granted the plaintiff's cross motion for leave to amend the complaint to add a cause of action to recover damages for intentional infliction of emotional distress.

Ordered that the appeal from so much of the order entered March 14, 2007, as denied the motion of the defendant Vidya Patel for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Jowers v People,* 13 AD3d 414 [2004]; *Nam Jin Chung v M & S Deli,* 293 AD2d 725 [2002]; *Frisenda v X Large Enters.,* 280 AD2d 514, 515 [2001]); and it is further,

Ordered that the order dated September 25, 2006 is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Vidya Patel which was for summary judgment dismissing the fourth cause of action insofar as asserted against her and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the order entered March 14, 2007 is reversed insofar as reviewed, on the law and in the exercise of discretion, and the plaintiff's cross motion for leave to amend the complaint to add a cause of action to recover damages for intentional infliction of emotional distress is denied; and it is further,

Ordered that the one bill of costs is awarded to the defendant Vidya Patel.

Contrary to the plaintiff's argument, the Supreme Court

should have granted that branch of the motion of the defendant Vidya Patel which was for summary judgment dismissing the fourth cause of action insofar as asserted against her, seeking to recover damages for fraud. That cause of action alleges that Patel, although cognizant that the plaintiff, who is blind, wanted the autopsy of her deceased father to be conducted at the office of the New York City Medical Examiner (hereinafter the Medical Examiner), nevertheless induced her to sign an authorization permitting the autopsy to be conducted at Mount Sinai Hospital by misrepresenting the content of the authorization.

Reliance is an essential element of a cause of action alleging fraud (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407 [1958]; *Urquhart v Philbor Motors, Inc.,* 9 AD3d 458, 459 [2004]). Here, Patel established her prima facie entitlement to judgment as a matter of law by demonstrating, through the deposition testimony of the plaintiff and the report of the Medical Examiner, that the plaintiff did not rely upon the alleged misrepresentation, since the plaintiff made further inquiry of the hospital, and the autopsy was thereafter conducted as the plaintiff requested. The plaintiff's objection to consideration of her own deposition testimony, on the ground that the transcript is not signed and there is no evidence that it was submitted to Patel pursuant to CPLR 3116 (a), is not properly before us, since it was raised for the first time on appeal (*see Vera v Soohoo,* 41 AD3d 586 [2007]).

However, Patel did not make a prima facie showing of entitlement to judgment as a matter of law with respect to the negligence causes of action. Therefore, the order dated September 25, 2006 is modified only to the extent of granting that branch of Patel's motion which was for summary judgment dismissing the fourth cause of action, sounding in fraud, insofar as asserted against her.

The Supreme Court also erred in granting the plaintiff's cross motion for leave to amend the complaint. The plaintiff's proposed amendment was palpably insufficient and patently devoid of merit (*see Howell v New York Post Co.,* 81 NY2d 115, 121 [1993]; *Leone v Leewood Serv. Sta.,* 212 AD2d 669, 672 [1995]; *see also Ralin v City of New York,* 44 AD3d 838 [2007]; *Hill v 2016 Realty Assoc.,* 42 AD3d 432, 433 [2007]; *Liranzo v New York City Health & Hosps. Corp.,* 300 AD2d 548 [2002]; *McKenna v Solomon,* 255 AD2d 496 [1998]).

Patel's remaining contentions are without merit. Rivera, J.P., Spolzino, Carni and McCarthy, JJ., concur.