OPINION OF THE COURT
Memorandum.
Order modified by deleting the provision thereof denying the branch of tenant’s motion seeking attorney’s fees, and by substituting therefor a provision granting that branch of the motion; as so modified, order affirmed without costs and matter remitted to the District Court for an assessment of the attorney’s fees due tenant.
In this nonpayment summary proceeding, landlord, a cooperative apartment corporation, seeks to recover what it alleges is the unpaid portion of tenant’s monthly maintenance fee. It is undisputed that tenant has subtracted, from her monthly maintenance bill, the portion of the monthly maintenance fee credited to the prior owner pursuant to a school tax relief (STAR) exemption (RPTL 425). It is further undisputed that landlord’s board of directors enacted a resolution stating that all rebates will cease when a unit is sold and that the name of the new shareholder must appear on the list submitted to the cooperative by the town in order to receive a STAR rebate. Tenant argues that this resolution is beyond the scope of the board’s authority.
RPTL 425 partially exempts real property that satisfies the requirements of the section, including residential property held in a cooperative form of ownership, from taxation for school purposes. For the purposes of the STAR exemption, RPTL 425 (2) (k) (i) vests ownership of the apartment in which a shareholder resides in that shareholder. “The reduction in real property taxes attributable to each eligible tenant-stockholder shall be credited by the cooperative apartment corporation against the amount of such taxes otherwise payable by or chargeable to such tenant-stockholder” (RPTL 425 [2] [k] [ii] [emphasis added]). The general rule that tax exemptions terminate upon the transfer of real property (RPTL 520 [1]) does not apply to the STAR exemption (RPTL 520 [5]).
Tenant demonstrated that the prior owner of her shares of the cooperative, i.e., the former tenant of her apartment, qualified for an enhanced STAR exemption, and that tenant was *12 therefore entitled to the benefit of that exemption for the remainder of the tax year during which the shares were transferred. Given the statutory requirement that the cooperative apartment corporation credit the reduction of real property taxes against the amount of such taxes chargeable to tenant, the District Court properly determined that the board resolution not to do so was beyond the scope of the board’s authority (cf. Quinones v Board of Mgrs. of Regalwalk Condominium I, 242 AD2d 52, 54 [1998]). Under the circumstances, tenant does not owe landlord any arrears, and the nonpayment proceeding was properly dismissed. In light of the foregoing, we need not consider the propriety of the late fee, which the District Court found to be unenforceable.
In the circumstances presented, the District Court did not improvidently exercise its discretion in denying so much of tenant’s motion as sought to impose sanctions on landlord (see Rules of the Chief Administrator [22 NYCRR] § 130-1.1). However, the District Court did improvidently exercise its discretion in declining to award tenant attorney’s fees, as the lease provision granting landlord the right to recover attorney’s fees from tenant triggers a reciprocal right in tenant to recover such fees (see Real Property Law § 234), and as tenant prevailed in the litigation. Accordingly, we modify the order to provide that the branch of tenant’s motion seeking attorney’s fees is granted, and we remit the matter to the District Court for an assessment of the fees due.
Rudolph, EJ., Molía and Nicolai, JJ., concur.