■ In the Matter of JAMES PETTUS et al., Appellants, v BOARD OF DIRECTORS et al., Respondents. [65 NYS3d 21]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 30, 2015, which, among other things, granted respondents' motion to dismiss the petition pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, without costs. Appeal from order, same court (Norma Ruiz, J.), entered February 2, 2016, which denied petitoners' motion to reargue (denominated a motion to renew and reargue), unanimously dismissed, without costs, as taken from a nonappealable order.

Petitioners, a married couple, allege that respondents, the board of directors and managing agent of the cooperative where they reside, and of which petitioner Thompson is a shareholder, abused its discretion in crediting Thompson's monthly maintenance bill in the amount of her shares of a tax abatement and New York State School Tax Relief (STAR) refund, rather than issuing a check in the amount of the abatement and refund. Petitioners do not challenge the amount credited, only that it was passed on to Thompson as a credit, rather than paid directly.

Supreme Court correctly dismissed the petition for failure to state a cause of action and based on the documentary evidence (CPLR 3211 [a] [1], [7]), as respondents' actions complied with Real Property Tax Law § 425 (2) (k) (iii) (B) (I), as well as the cooperative's bylaws (*see Village In The Woods Owners Corp. v Powles*, 25 Misc 3d 10 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).

Petitioners' motion denominated as one for leave to renew and reargue was not based on new facts unavailable at the time of the original motion, and thus was actually a motion for

leave to reargue, the denial of which is not appealable (*see D'Alessandro v Carro*, 123 AD3d 1, 3 [1st Dept 2014]; *Grosso Moving & Packing Co. v Damens*, 233 AD2d 128, 128 [1st Dept 1996]; CPLR 2221 [e] [2]). That the motion was decided by a Justice other than the Justice who signed the underlying order of dismissal does not compel a different result, given that the CPLR permits sua sponte recusals and reassignments of such motions (*see* CPLR 2221 [a]; *C & N Camera & Elecs. v Public Serv. Mut. Ins. Co.*, 210 AD2d 132, 133 [1st Dept 1994]; *Fabiano v Philip Morris Inc.*, 29 Misc 3d 395, 401 [Sup Ct, NY County 2010]).

We have considered petitioners' remaining arguments and find them unavailing. Concur—Renwick, J.P., Manzanet-Daniels, Andrias, Kern and Oing, JJ.