Matter of Pettus v Board of Directors (2018 NY Slip Op 02733)





Matter of Pettus v Board of Directors


2018 NY Slip Op 02733


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6311 250720/15

[*1]In re James Pettus, et al., Petitioners-Appellants,
v
Board of Directors, et al., Respondents-Respondents.


James Pettus, appellant pro se.
Charlene Thompson, appellant pro se.
Boyd Richards Parker & Colonnelli, P.L., New York (Brett L. Carrick of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered June 21, 2016, which, insofar as appealed from as limited by the briefs, granted respondents' motion to vacate a judgment, same court (Alison Y. Tuitt, J.), entered August 7, 2015, granting the article 78 petition on default, and upon vacatur, granted respondents' CPLR 3211 motion to dismiss the petition, unanimously affirmed, with costs.
The Supreme Court providently exercised its discretion in granting respondents' motion to vacate the default judgment (see Xiao Jia Lin v Engleton, 121 AD3d 483, 483 [1st Dept 2014]; Crespo v A.D.A. Mgt., 292 AD2d 5, 9 [1st Dept 2002]). We note that, in light of the recusal of the Justice who presided over the entry of the default judgment, the vacatur motion was properly entertained and decided by the Justice to whom the matter was reassigned (see Matter of Pettus v Board of Directors, 155 AD3d 485, 486 [1st Dept 2017]).
The Supreme Court likewise properly dismissed the petition pursuant to CPLR 3211(a)(1) and (7), based on documentary evidence and for failure to state a claim, as the record establishes that the co-op acted pursuant to a long-standing policy by withholding a garage key from petitioners, and its determination was protected by the business judgment rule (see 40 W. 67th St. v Pullman, 100 NY2d 147, 155 [2003]; DeSoignies v Cornasesk House Tenants' Corp., 21 AD3d 715, 718 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK