Fiondella v 345 W. 70th Tenants Corp. (2020 NY Slip Op 01699)





Fiondella v 345 W. 70th Tenants Corp.


2020 NY Slip Op 01699


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


100594/14 11243A 11243

[*1] Paul Fiondella, Plaintiff-Appellant,
v
345 West 70th Tenants Corp., Defendant-Respondent.


Charla R. Bikman, East Hampton, for appellant.
Marin Goodman, LLP, Harrison (Alexander J. Drago of counsel), for respondent.



Judgment, Supreme Court, New York County (Carmen Victoria St. George, J.), entered November 15, 2018, dismissing the complaint pursuant to an order, same court and Justice, entered on or about October 15, 2018, which granted defendant's motion to dismiss the action, unanimously affirmed, with costs. Appeal from above order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The motion court properly ordered the action to be marked "disposed" since all four causes of action in the complaint had been resolved at the time defendant made its motion to dismiss. Plaintiff's argument that the second cause of action had not been withdrawn at the time defendant moved to dismiss the action, is unavailing since the motion court's earlier order of July 17, 2018 explicitly dismissed without prejudice the second cause of action. Although the July 2018 order was decided by a different Justice, "the CPLR permits. . .reassignment of such motions" (Matter of Pettus v Board of Directors, 155 AD3d 485, 486 [1st Dept 2017]). Furthermore, plaintiff's contention that dismissing the case deprived him of an opportunity to move for attorneys' fees under Real Property Law § 234 is unavailing in light of the lack of such relief requested in the complaint, and the failure by plaintiff to cross move for attorneys' fees.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK