Ilan v Washington (2021 NY Slip Op 00256)





Ilan v Washington


2021 NY Slip Op 00256


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 110033/08 Appeal No. 12921-12922N Case No. 2020-01364 2020-01365 2020-01667 

[*1]Rony Ilan, as Assignee and Successor in Interest to Progressive Credit Union, Plaintiff-Respondent,
v
Monica Washington and Leah Gunn, etc., et al., Defendants, Marisa Falero, Nonparty-Appellant. Rony Ilan, Plaintiff-Assignee-Respondent,


Marisa Falero, Brooklyn, appellant pro se.
Thompson & Knight LLP, New York (David V. Mignardi of counsel), for First Harlem LLC, respondent.
Kishner Miller Himes P.C., New York (Jeffrey M. Dine of counsel), for Rony Ilan, respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about August 2, 2019, which, inter alia, granted plaintiff's motion to vacate a sua sponte order setting aside a foreclosure sale, and order, same court (Shlomo S. Hagler, J.), entered August 9, 2019, which, to the extent appealed from as limited by the briefs, denied nonparty appellant Marisa Falero's motion to set aside the foreclosure sale, unanimously affirmed, without costs. Appeal from order, same court (Hagler, J.), entered November 6, 2019, which, to the extent appealed from as limited by the briefs, denied that part of Falero's motion for leave to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.
In the first order on review, the court providently exercised its discretion in granting plaintiff's motion to vacate its own order, issued sua sponte, which was not appealable (see Sholes v Meagher, 100 NY2d 333 [2003]), based on plaintiff's showing of sufficient reason to believe the foreclosure sale was properly conducted and in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; CPLR 5015). Nonparty Falero's motion to set aside the foreclosure sale was then referred to Justice Hagler who had been presiding over the complicated matter for determination.
The court properly concluded that Falero lacked a legitimate interest sufficient to give her standing to challenge the sale, which had been agreed to by the parties in a so-ordered stipulation (see Wayman v Zmyewski, 218 AD2d 843, 843-844 [3d Dept 1995]). Falero's only interest is in recovering an unspecified amount of fees which she incurred in her roles as court evaluator for the deceased guarantor of the note and mortgage and as former counsel to the guarantor's administrators. The court recognized Falero's charging lien in the surplus proceeds of the sale, if any (see Chadbourne & Parke, LLP v AB Recur Finans, 18 AD3d 222, 223 [1st Dept 2005]; Judiciary Law § 475). Her interest is simply limited to collecting an uncalculated and undisclosed fee for work done years ago and, as the courts providently held, she can present any arguments concerning the disputed amounts at a hearing, since she has a charging lien on any recovery by the administrators. In any event, the court properly found that, if the merits were reached, Falero showed no basis to set aside the sale based on fraud or unconscionable price.
The denial of reargument is not appealable (see Matter of Pettus v Board of Directors, 155 AD3d 485, 485-486 [1st Dept 2017], rearg denied 32 NY3d 1076 [2018]).
We have considered Falero's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021