Jiang v Mitacchione (2021 NY Slip Op 06803)





Jiang v Mitacchione


2021 NY Slip Op 06803


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 161362/17 Appeal No. 14778 Case No. 2020-04495 

[*1]Rebecca Jiang et al., Plaintiffs-Respondents,
v
V.L. Mitacchione et al., Defendants, Shirley Yu et al., Defendants-Appellants, G.L. Kathrotiya et al., Defendants-Respondents.


Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), for appellants.
Law Office of Nicole Lesperance, Westbury (Yamile Al-Sullami of counsel), for G.L. Kathrotiya and Goraj Kathrotiya, respondents.
Berson & Budashewitz, New York (Jeffrey A. Berson of counsel), for Rebecca Jiang, Catherine Lo, and R.J., respondents.



Order, Supreme Court, New York County (Adam Silvera, J.), entered on or about October 13, 2020, which, to the extent appealed from and appealable, upon reargument, denied the Yu defendants' cross motion for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
This action arises from a three-vehicle collision on November 24, 2017, that occurred on Commack Road at the intersection with Pine Hill Lane in Dix Hills, New York. Plaintiffs were passengers in a motor vehicle operated by defendant Shirley Yu and owned by defendant Che Yu (Yu defendants). The Yu defendants allege that their vehicle, travelled northbound on Commack road, entered the left turn lane and attempted to make a left turn onto Pine Hill Lane when a stolen Audi SUV owned by defendant V.L. Mitacchinone, and operated by John Doe, also traveling northbound on Commack Road, behind the Yu defendants' vehicle rear-ended their vehicle propelling it into the opposing lane of traffic.
Defendant G.L. Kathrotiya alleges he operated a Honda Civic owned by defendant Goraj Kathrotiya (Kathrotiya defendants), his wife, who was also a passenger in the vehicle, travelling southbound on Commack Road, when the Yu defendants' vehicle crossed in front of the Kathrotiya defendants' vehicle, and they collided.
After completion of discovery plaintiffs moved for summary judgment on liability against all defendants and to strike all affirmative defenses. The Yu defendants cross- moved for summary judgment to dismiss the complaint and all cross claims. The motion and cross motions were supported by the deposition testimony of defendant Shirley Yu, former plaintiff Rebecca Jiang, the Kathrotiya defendants, a police accident report and a Motor Vehicle Accident report signed by defendant Shirley Yu.
On April 10, 2020, Supreme Court denied plaintiff's motion for summary judgment, granted the Yu defendants' cross motion for summary judgment and dismissed the complaint and all cross claims against them. The court found that the Yu defendants had no liability for the accident because their vehicle was hit in the rear by the Mitacchione vehicle and propelled forward into the opposing lane of traffic.
Plaintiffs and the Kathrotiya defendants each moved to reargue. The court granted reargument solely with respect to the granting of the Yu defendants' cross motion, and upon reargument denied the Yu defendants' cross motion for summary judgment and reinstated the complaint and all cross claims against them. The court determined that it erred in finding that there were no issues of fact with respect to the Yu defendants' liability, in that G.L. Kathrotiya testified at his deposition that another vehicle, not the Yu defendants' vehicle, was rear-ended by the Mitacchione vehicle, and that the Yu defendants' vehicle turned in front of the Kathrotiya vehicle. This testimony contradicted the testimony of Shirley Yu, Rebecca Jiang and Goraj Kathrotiya [*2]that the Yu defendants' vehicle was rear-ended by the Mitacchione vehicle and raised an issue of fact as to whether the Yu defendants' vehicle moved into the opposing lane of traffic before it was rear-ended and whether it was ever struck in the rear.
The court properly found that there were triable issues of fact concerning
whether the Yu defendants' vehicle was struck in the rear by the Mitacchione vehicle. There was testimony by the driver of the Kathrotiya vehicle that a third unrelated vehicle was rear-ended by a vehicle that left the scene, and that the Yu defendants' vehicle failed to yield the right of way in violation of Vehicle and Traffic Law § 1141(see Flores v City of New York, 66 AD3d 599 [1st Dept 2009]). That testimony was supported in part by the testimony of a passenger in the Yu defendants' vehicle, who stated that half of their vehicle had crossed the double yellow line when it was struck by the Kathrotiya vehicle and by a motor vehicle accident report prepared and signed by defendant Shirley Yu with a different version of the accident and no mention of her car vehicle being rear-ended when it was in the left turning lane.
Plaintiffs claim that upon reargument, the court should have also granted them summary judgment as they were passengers in the Yu defendants' vehicle. Plaintiffs sought to reargue the denial of their summary judgment motion, however, that relief was not granted in the court's October 5, 2020 decision and order, and no appeal lies from the denial of a motion to reargue (see e.g. Smith v Pereira, 176 AD3d 491 [1st Dept 2019]; Matter of Pettus v Board of Directors, 155 AD3d 485 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021